No. 23-16091

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

HOWARD JARVIS TAXPAYERS ASSOCIATION, *et al.*,

*Plaintiffs-Appellants,*

v.

CITY OF SAN JOSE,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
Consolidated Case Nos. 5:22-cv-00501-BLF and 5:22-cv-02365-BLF
Hon. Beth Labson Freeman

**APPELLANTS' EXCERPTS OF RECORD VOLUME 4 OF 4**

Jonathan M. Coupal, SBN 107815
Timothy A. Bittle, SBN 112300
Laura E. Dougherty, SBN 255855
Howard Jarvis Taxpayers Foundation
1201 K Street, Ste. 1030
Sacramento, CA 95814
Telephone: (916) 444-9950

*Attorneys for Appellants*

[This page intentionally left blank]

```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                            SAN JOSE DIVISION

 4

 5    HOWARD JARVIS TAXPAYERS           )   CV-22-2365-BLF
      ASSOCIATION ET AL,                )
 6                                      )   SAN JOSE, CALIFORNIA
                     PLAINTIFF,         )
 7                                      )   AUGUST 18, 2022
               VS.                      )
 8                                      )   PAGES 1-32
      CITY OF SAN JOSE,                 )
 9                                      )
                     DEFENDANT.         )
10                                      )
      _____
11
                         TRANSCRIPT OF PROCEEDINGS
12            BEFORE THE HONORABLE BETH LABSON FREEMAN
                     UNITED STATES DISTRICT JUDGE
13
                        A P P E A R A N C E S
14

15        FOR THE PLAINTIFF:      BY:  TIMOTHY ARTHUR BITTLE
                                  HOWARD JARVIS TAXPAYERS
16                                ASSOCIATION
                                  921 ELEVENTH STREET, STE 1201
17                                SACRAMENTO, CA 95814

18

19        FOR THE DEFENDANT:      BY:  TAMARAH P. PREVOST
                                       ANDREW F KIRTLEY
20                                     MELISSA MONTENEGRO
                                  COTCHETT PITRE AND MCCARTHY LLP
21                                840 MALCOLM ROAD, SUITE 200
                                  BURLINGAME, CA 94010
22

23        OFFICIAL COURT REPORTER:     SUMMER FISHER, CSR, CRR
                                       CERTIFICATE NUMBER 13185
24

25            PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED WITH COMPUTER
```

```
1              SAN JOSE, CALIFORNIA              AUGUST 18, 2022

2                         P R O C E E D I N G S

3         (COURT CONVENED AT 9:53 A.M.)

4              THE CLERK:  CALLING CASE 22-2365.  HOWARD JARVIS

5     TAXPAYERS ASSOCIATION, ET AL. VERSUS THE CITY OF SAN JOSE.

6              COUNSEL, IF YOU WOULD PLEASE STATE YOUR APPEARANCES,

7     BEGINNING WITH PLAINTIFF AND THEN MOVING TO DEFENDANT.

8              THE COURT:  MR. BITTLE, YOU ARE ON MUTE.

9              MR. BITTLE:  GOOD MORNING, YOUR HONOR.

10             TIMOTHY BITTLE FOR PLAINTIFFS, HOWARD JARVIS TAXPAYERS

11    ASSOCIATION, ET AL.

12             THE COURT:  GOOD MORNING, MR. BITTLE, NICE TO SEE

13    YOU.  WE HAVEN'T MET BEFORE.  WELCOME.

14             MR. BITTLE:  THANK YOU.

15             MS. PREVOST:  GOOD MORNING, YOUR HONOR.

16             TAMARAH PREVOST FOR DEFENDANT, THE CITY OF SAN JOSE,

17    ET AL.

18             THE COURT:  NICE TO SEE YOU.

19             MR. KIRTLEY:  GOOD MORNING, YOUR HONOR.

20             ANDREW KIRTLEY, COTCHETT PITRE AND MCCARTHY, ALSO

21    REPRESENTING DEFENDANT, CITY OF SAN JOSE.

22             THE COURT:  WELCOME.

23             MS. MONTENEGRO:  GOOD MORNING, YOUR HONOR.

24             MELISSA MONTENEGRO, ALSO COTCHETT, PITRE AND MCCARTHY,

25    REPRESENTING THE CITY OF SAN JOSE, ET AL.
```

1          THE COURT:  GOOD MORNING.

2          ALL RIGHT.  IT'S ALMOST LIKE DEJA VU ALL OVER AGAIN WITH

3     THIS CASE BECAUSE I HAVE SPENT SOME TIME ON THE COMPANION CASE

4     BY THE NATIONAL ASSOCIATION OF GUN RIGHTS, AND I KNOW YOU HAVE

5     BEEN FOLLOWING THAT AS WELL.

6          LET ME WALK THROUGH SOME TENTATIVE CONSIDERATIONS THAT I

7     HAVE FOR HOW I WANT TO MOVE FORWARD.  THERE ARE A LOT OF ISSUES

8     HERE, AND I AM TRYING HARD TO REMAIN CONSISTENT AMONG THE

9     CASES.

10          IT IS MY INTENTION, JUST SO YOU KNOW, TO CONSOLIDATE THESE

11     THREE CASES, THE NAGR CASE WITH THIS ONE, ALONG WITH THE GLASS

12     CASE, I THINK I'M GOING TO SEE THOSE FOLKS NEXT WEEK, AND I HAD

13     BEEN CONTEMPLATING WHETHER OR NOT I WAS GOING TO REQUIRE A

14     CONSOLIDATED COMPLAINT, AND I HAVE ULTIMATELY DECIDED IT'S THE

15     ONLY WAY TO MOVE FORWARD IN AN EFFICIENT WAY.

16          BUT THOSE ISSUES WE WILL WORK OUT A LITTLE BIT LATER.  AT

17     THIS POINT, I WANTED TO GIVE EACH SET OF PLAINTIFFS AN

18     OPPORTUNITY TO HAVE YOUR COMPLAINT REVIEWED INDEPENDENT OF THE

19     OTHERS BECAUSE, ESPECIALLY MR. BITTLE, I THINK THAT YOUR

20     PRIMARY CLIENT, THE HOWARD JARVIS TAXPAYERS ASSOCIATION DOES

21     HAVE A DIFFERENT MISSION THAN NAGR DOES, AND I WANT TO RESPECT

22     THAT.  AND IT RAISES SOME INTERESTING ISSUES ABOUT HOW YOU MAY

23     OR MAY NOT WANT TO PROCEED.

24          I NOTE THAT THIS CASE WAS INITIALLY FILED IN STATE COURT

25     AND REMOVED.  IT WAS FILED IN STATE COURT WITH THE BOX CHECKED

1    FEDERAL QUESTION, IT GOT REMOVED ON THAT BASIS, AND IN THE

2    PAPERS NOW, I SEE THAT, AND APPROPRIATELY, THAT THERE IS A

3    REFERENCE TO VALIDATION ACTION OR REVERSE VALIDATION ACTION

4    THAT THIS CASE REPRESENTS.  YOU PUBLISHED THE COMPLAINT UNDER

5    THE STATE COURT CCP REQUIREMENTS, AND I RECOGNIZE THAT.

6        I IMAGINE THAT I JUDGE JURISDICTION OVER A VALIDATION

7    ACTION, BUT I'M NOT BOUND BY THE TIMELINES OF STATE LAW.  THE

8    CODE OF CIVIL PROCEDURE HAS TIMELINES, AND I WILL NOT BE ABLE

9    OR WILLING TO COMPLY WITH THOSE.

10       AND TO THE EXTENT THAT THIS PLAINTIFF WISHES TO DISMISS

11   THE STATE CLAIMS UNDER THE CALIFORNIA CONSTITUTION AND BRING A

12   VALIDATION ACTION UNDER THOSE CLAIMS, THAT MAY BE A WAY YOU

13   WANT TO PROCEED, AND THEN I DON'T HAVE JURISDICTION, IT CAN'T

14   BE REMOVED IF IT'S A CALIFORNIA CONSTITUTIONAL CLAIM.

15       AND YOU HAVE TWO CLAIMS THERE UNDER THE -- WHETHER THIS IS

16   A TAX AND WHETHER THIS IS AN IMPROPER DELEGATION OF TAXING

17   AUTHORITY.  BUT THE FIRST AND SECOND AMENDMENT CLAIMS CLEARLY

18   FALL RIGHT IN MY WHEELHOUSE, AND THAT'S WHY IT WAS REMOVED.

19       I AM NOT UNDERSTANDING HOW THE HOWARD JARVIS TAXPAYERS

20   ASSOCIATION HAS ORGANIZATIONAL STANDING TO BRING A SECOND

21   AMENDMENT CLAIM.  JUST BECAUSE SOME OF YOUR MEMBERS ARE GUN

22   OWNERS, I DON'T THINK THAT CHANGES THE MISSION OF THE

23   ORGANIZATION.  SOME OF YOUR MEMBERS DON'T LIKE THE COLOR GREEN,

24   SO GOOD FOR THEM.  THEY ARE HUMAN BEINGS, THEY ARE PEOPLE WITH

25   LOTS OF DIFFERENT INTERESTS, BUT I HAVE SOME CONCERN ABOUT

1    THAT.

2         BUT YOU REPRESENT INDIVIDUALS AND THEY CLEARLY HAVE

3    STANDING, SO I DON'T HAVE A PROBLEM WITH THAT.  BUT BECAUSE YOU

4    RAISE IN YOUR PAPERS, MR. BITTLE, ONE OF YOUR PRIMARY

5    INTELLIGENCE HERE WAS IN CHALLENGING THE SCHMEER CASE, AND THAT

6    IS A STATE COURT RULING AND IT'S UNDER THE STATE CONSTITUTION,

7    IT HAS SUGGESTED TO ME YOU MAY HAVE SOME DIFFERENT OPTIONS

8    AFTER I MAKE MY RULING.

9         SO LET ME GO THROUGH WHAT I PICKED OUT AS THE ISSUES THAT

10   WERE PRESENTED IN MS. PREVOST'S MOTION TO DISMISS.

11        THIS CASE ONLY INVOLVES THE FEE AND NOT THE INSURANCE.

12   AND AS TO THE FIRST AND SECOND AMENDMENT CLAIMS ON THE FEE, I'M

13   INCLINED TO DISMISS ON ABSENCE OF RIPENESS.

14        DUE TO THE TIMING OF THE CITY'S ACTIONS, IT MAY BE YOU

15   WANT AN EXTENDED PERIOD OF TIME TO AMEND SO YOU CAN WAIT FOR

16   THOSE REGULATIONS TO BE ADOPTED AND NOT HAVE TO KEEP GOING WITH

17   THINGS.  SO THAT'S AN OPTION.

18        UNDER THE CALIFORNIA CONSTITUTION CLAIM OF INALIENABLE

19   RIGHTS, I'M INCLINED TO GRANT THE 12(B)(6) MOTION, BUT THAT

20   DOESN'T STATE A CLAIM.  I THINK CALIFORNIA LAW IS QUITE CLEAR

21   THAT THE RIGHT TO BEAR ARMS IS NOT AN INALIENABLE RIGHT UNDER

22   THE CALIFORNIA CONSTITUTION.

23        UNDER THE UNCONSTITUTIONAL CONDITION CLAIM INVOLVING THE

24   SECOND AMENDMENT, I DON'T KNOW IF THAT CLAIM GOES FORWARD, BUT

25   IT SEEMS TO BE PREMISED ON A MISREADING OF THE ORDINANCE THAT

1    IT WOULD INVOLVE CONFISCATION OF GUNS, AND THE ORDINANCE BY ITS

2    PLAIN MEANING DOES NOT, AND SO THERE WILL NEED TO BE AN

3    AMENDMENT THERE.

4        I DON'T KNOW IF YOU HAVE A CLAIM IF YOU TAKE THAT OUT, BUT

5    CONFISCATION, THE ORDINANCE MAKES CLEAR, AND WE DID DISCUSS

6    THIS AT LENGTH AT THE PRELIMINARY INJUNCTION HEARING, THAT

7    STATE LAW DOES NOT ALLOW A CITY TO CONFISCATE GUNS, AND SO THE

8    STATEMENT IN THE ORDINANCE IS A PLACEHOLDER FOR SOME FUTURE

9    POTENTIAL, MAYBE NEVER, AUTHORITY.  AND SO IT'S NOT ACTIONABLE.

10       YOU RAISE THE ISSUE OF A DECLARATORY JUDGMENT ACT CLAIM,

11   BUT IT'S NOT ALLEGED.  I WOULD GIVE YOU LEAVE TO AMEND IF YOU

12   WISH TO, TO ALLEGE A DECLARATORY RELIEF CLAIM UNDER FEDERAL

13   LAW, AND I WOULD EVALUATE IT ONCE I SAW IT.  I CAN'T EVALUATE A

14   CLAIM THAT ISN'T THERE, BUT IT ISN'T.

15       UNDER CLAIM 3 FOR THE SPECIAL TAX LACKING VOTER APPROVAL,

16   I HAVE ALREADY RULED AND I WILL CONTINUE TO RULE THAT THAT IS

17   RIPE.  BUT I WILL BE -- I'M INCLINED TO DISMISS THE CLAIM UNDER

18   SCHMEER WITH LEAVE TO AMEND.

19       I THINK THAT THIS -- I THINK THAT THE COMPLAINT IS SO BARE

20   BONES, AND MR. BITTLE I KNOW YOU FILED IT IN STATE COURT AND

21   THE PLEADING REQUIREMENTS ARE DIFFERENT, SO I THINK IT'S JUST A

22   MATTER OF AMENDING THIS TO REALLY MEET THE FEDERAL STANDARDS.

23   BUT AS A FACIAL CHALLENGE, WHICH IS WHAT I UNDERSTAND YOU ARE

24   MAKING, I UNDERSTAND YOU ARE SAYING EVEN $25, GIVEN TO AN

25   ORGANIZATION THAT'S NOT ONE THAT YOUR CLIENTS WOULD CHOOSE TO

1    CONTRIBUTE TO, IS A VIOLATION.

2        I NEED YOU TO FLESH THAT OUT MORE, BECAUSE I THINK THAT

3    UNDER SCHMEER, YOU RUN INTO PROBLEMS, AND I THINK WITH MORE

4    FACTUAL SPECIFICITY YOU MIGHT BE ABLE TO PLEAD AROUND SCHMEER.

5    BUT AT THIS POINT, I DON'T THINK YOU HAVE.

6        AND YOU NEED TO PLEAD FACTS ON THE SPECIAL BENEFIT

7    EXCEPTION NOT APPLYING.  I'M NOT SURE THAT'S REALLY RIPE

8    BECAUSE I DON'T KNOW ENOUGH ABOUT IT.  I HAVE A REAL CONCERN

9    ABOUT THAT NOT BEING RIPE YET.

10        ON YOUR CLAIM 4 FOR UNCONSTITUTIONAL DELEGATION, YOU

11    RECOGNIZE THAT IT'S DEPENDENT ON CLAIM 3, SO I WOULD HAVE TO

12    DISMISS THAT WITHOUT LEAVE TO AMEND BECAUSE I DON'T THINK

13    YOU'VE MADE OUT CLAIM 3.

14        AND IN TERMS OF THE DELEGATION, AGAIN, I NEED MORE.  THIS

15    MAY BE A RIPENESS ISSUE AS WELL, BECAUSE I DON'T KNOW WHETHER

16    IT'S BEEN DELEGATED OR NOT.

17        I THINK THAT COVERS EVERYTHING THAT WAS IN THE PAPERS.  I

18    WANTED TO GIVE YOU A HIGH LEVEL SENSE OF WHERE I'M LEANING.

19        MS. PREVOST, IT IS YOUR MOTION, I'M GOING TO LET YOU START

20    WITH THE ARGUMENT.

21        MS. PREVOST:  THANK YOU, YOUR HONOR.  AND I

22    APPRECIATE THE COURT'S COMMENTS.

23        I WANTED TO MAKE THE COURT AWARE THAT YESTERDAY, THE CITY

24    FILED A STATUS REPORT PROVIDING THE COURT WITH SOME INFORMATION

25    ABOUT THE PROGRESS OF THE IMPLEMENTATION EFFORTS BY THE CITY.

1    I DON'T EXPECT THE COURT HAS HAD A CHANCE TO READ IT.

2            THE COURT:  NO, I HAVEN'T.

3            MS. PREVOST:  BUT I'M HAPPY TO SUMMARIZE IF YOU WOULD

4    LIKE.

5            THE HIGH LEVEL UPDATE, AS IT RELATES TO THIS MOTION WITH

6    RESPECT TO THE FEE, IS THAT THE CITY HAS PASSED, THROUGH THE

7    CUSTOMARY BUDGET PROCESS THAT THE CITY GOES THROUGH AT THE END

8    OF EVERY FISCAL YEAR, WHICH IS, FOR THE CITY, JULY 1ST BEGINS

9    THE FISCAL YEAR, HAS INCLUDED THE GUN HARM REDUCTION FEE AS

10   PART OF THAT PASSAGE OF ALL THE CITY'S FEES AND CHARGES.

11           SO IT WAS INCLUDED AS A LINE ITEM AND APPROVED BY THE CITY

12   COUNCIL.  IT WAS SET THROUGH THAT PROCESS AT $25, HOWEVER THAT

13   IS NOT A FINALIZED NUMBER BECAUSE THE CAVEAT WAS OFFERED IN THE

14   BUDGETARY PROCESS THAT IT WAS NOT GOING TO BE ENFORCED AT THIS

15   TIME, UNTIL THE CITY ENFORCED, OR COLLECTED BY THE CITY, UNTIL

16   THE CITY PROMULGATED THE NECESSARY REGULATIONS AND

17   INFRASTRUCTURE AND LOGISTICS TO BE IN A POSITION TO BE ABLE TO

18   ENFORCE IT.

19           AND ONCE THE CITY MANAGER'S OFFICE IS IN THE POSITION OF

20   BEING ABLE TO ENFORCE IT, IT WILL RETURN TO THE CITY COUNCIL

21   AND THE CITY COUNCIL WILL THEN BE EVALUATING AGAIN, THE ACTUAL

22   AMOUNT OF THE FEE.

23           SO I JUST WANTED TO BRING THAT TO THE COURT'S ATTENTION,

24   BECAUSE THAT'S OBVIOUSLY A THRESHOLD IN A LOT OF THE CASES, IN

25   A LOT OF ISSUES WE ARE TALKING ABOUT, THE AMOUNT OF THE FEE.

1     SO WE WOULD SAY STEP 1 OF 2, IN TERMS OF FINALIZING THE

2     AMOUNT OF THE FEE, HAS NOW HAPPENED.

3         THE COURT:  TO ME, THE IMPORTANT PART IS THAT IT'S

4     NOT ENFORCEABLE UNTIL THE CITY COUNCIL TAKES FURTHER ACTION.

5         MS. PREVOST:  RIGHT.  CORRECT.  AND NOR CAN EVEN THE

6     AMOUNT BE CONSIDERED FINAL AT THIS POINT.  SO YES, THAT IS

7     CORRECT.

8     OKAY.  SO THANK YOU FOR THE COURT'S COMMENTS.  WE AGREE

9     OVERALL, THAT THE CLAIMS WITH RESPECT TO THE FEE ARE NOT RIPE,

10    AND FOR ALL OF THE REASONS THAT THE COURT IDENTIFIED IN THE

11    EARLIER HEARING, AND MANY OF THESE DOVETAIL WITH THE HOWARD

12    JARVIS CLAIMS, WHICH IS THAT THE NONPROFIT HAS BEEN DESIGNATED.

13    THE PARTICULAR ACTIVITIES THAT THE NONPROFIT WILL BE FUNDING

14    HAVE NOT BEEN SPECIFIED.  AND AS I NOTED, THE AMOUNT OF THE FEE

15    ITSELF HAS NOT BEEN IDENTIFIED EITHER.

16    I WILL JUST QUICKLY TURN TO A FEW OF THE ISSUES RAISED.  I

17    THINK THAT THIS IS A CHANGING LANDSCAPE, AS THE COURT IS AWARE,

18    AND THAT MAKES IT DIFFICULT TO LITIGATE BECAUSE WE DON'T KNOW A

19    LOT OF THESE FACTS.  AND THE CITY HAS IDENTIFIED DECEMBER 2022

20    AS THE EARLIEST POSSIBLE DATE THAT THE CONTRACT WITH THE

21    NONPROFIT WILL BE FINALIZED.

22    AND PRESUMABLY, IMPLEMENTATION AND ENFORCEMENT AND

23    COLLECTION WILL OCCUR AFTER THAT DATE.  SO THAT IS THE TIME

24    FRAME THAT WE ARE LOOKING AT.

25    IN TERMS OF THE FIRST CAUSE OF ACTION, I THINK THAT THE

1   RIPENESS ISSUE IS THE BIGGEST ISSUE BECAUSE WE CAN'T ARTICULATE

2   WHETHER THE FEE WILL BE USED TO FUND ACTIVITIES THAT ARE

3   GERMANE TO THE CITY'S LEGISLATIVE AND LEGITIMATE PURPOSES OR

4   WHETHER THEY WILL BE IDEOLOGICAL.  THAT'S SOMETHING THAT NEEDS

5   FURTHER FACTUAL DEVELOPMENT.  AND THAT'S THE KELLER CASE.

6         SO THAT'S SORT OF OUR HIGH LEVEL RESPONSE TO THE FIRST

7   CLAIM UNDER THE FIRST AMENDMENT.

8         THE SECOND CAUSE OF ACTION FOR UNCONSTITUTIONAL

9   CONDITIONS, WE AGREE THAT REQUIRES AT A MINIMUM, FURTHER

10  AMENDMENT.  YOU KNOW, IT IS ALSO UNRIPE THOUGH, BECAUSE UNDER

11  BRUEN, THE QUESTION THERE UNDER THE SECOND AMENDMENT IS WHETHER

12  THE FEE IS EXORBITANT AND WHETHER IT INFRINGES ON THE RIGHT TO

13  BEAR ARMS.  AND WE DON'T BELIEVE IT DOES INFRINGE ON THAT

14  RIGHT.

15        AS THE COURT POINTED OUT, THERE IS NO SEIZURE POSSIBILITY

16  HERE, AND THERE ARE CERTAINLY HISTORIC ANALOGS TO CHARGING FEES

17  FOR A CONSTITUTIONAL ACTIVITY, AND THAT HAS BEEN DRAWN OUT IN

18  THE AMICUS BRIEFING.  BUT AGAIN, IT'S NOT RIPE, SO I WON'T GO

19  TOO MUCH INTO THE MERITS OF THAT.

20         THE COURT:  ONE OF THE PROBLEMS HERE, OF COURSE, IS

21  THE COMPLAINT WAS DRAFTED BEFORE BRUEN, SO IT DOESN'T EVEN

22  ALLEGE THE PROPER STANDARD.  AND IT'S NO FAULT OF THE

23  PLAINTIFFS, OF COURSE THEY WEREN'T CLAIRVOYANT.  AND THIS

24  DECISION WASN'T LEAKED EARLY, SO YOU WEREN'T ABLE TO SEE WHAT

25  IT WAS GOING TO BE.

1    MS. PREVOST:  OUR MOTION WAS NOT DRAFTED UNDER THE

2    PROPER STANDARD EITHER.

3    THE COURT:  BUT THIS IS THE TIME TO CLEAN IT UP AND

4    TO AMEND UNDER THE PROPER STANDARD.

5    YOU KNOW, SECOND AMENDMENT CLAIM MAY BE MUCH EASIER TO

6    ALLEGE NOW THAN IT WAS BEFORE.  I THINK THAT'S THE INTENTION OF

7    THE SUPREME COURT, BUT WE NEED TO GO FORWARD ON THE RIGHT

8    TRACK.

9    MS. PREVOST:  RIGHT.  I AGREE.

10   AND TURNING TO THE THIRD CAUSE OF ACTION, UNDER

11   PROPOSITION 26, OUR VIEW IS THAT SCHMEER ABSOLUTELY CONTROLS

12   HERE.

13   THIS IS NOT A TAX, FOR TWO VERY SIMPLE REASONS.  IT'S NOT

14   COLLECTED BY THE GOVERNMENT, AND IT'S NOT USED TO FUND THE

15   GOVERNMENT AS REVENUE TO THE GOVERNMENT.

16   THOSE ARE THE TWO BASIC FACTORS THAT SCHMEER FELT WERE

17   DISPOSITIVE, AND THAT'S ECHOED IN THE HOWARD JARVIS V. BAY AREA

18   TOLLING AUTHORITY CASE THAT WE ALSO CITED IN OUR BRIEF THAT

19   SAYS THAT REVENUE TO THE GOVERNMENT REALLY IS THE DISPOSITIVE

20   ISSUE IN DETERMINING WHETHER A FEE IS A TAX.

21   THE FOURTH CAUSE OF ACTION HAVING TO DO WITH THE POWER TO

22   DELEGATE THE TAXING POWER.  AGAIN, THE RECORD IS UNDERDEVELOPED

23   ON THIS ISSUE AS WELL.  JUST PRELIMINARILY, I THINK THERE ARE

24   TWO BASIS FOR THIS CLAIM THAT ARE ALLEGED IN PLAINTIFF'S

25   COMPLAINT.  THE FIRST IS UNDER SECTION 11, WHICH WE MOVE TO

1    DISMISS BECAUSE THAT DOESN'T APPLY TO MUNICIPAL ENTITIES LIKE

2    THE CITY.

3         THE COURT:  AND I THINK THE PLAINTIFFS HAVE

4     ACKNOWLEDGED THAT.

5         MS. PREVOST:  RIGHT, YES, EXACTLY.

6    SO WE WOULD ASK THAT THAT ASPECT OF THE CLAIM BE

7    DISMISSED.  AND UNDER SECTION 31, FIRST AS THE COURT POINTS

8    OUT, THE COURT WOULD NEED TO DETERMINE THIS WAS A TAX FOR THAT

9    TO BE ACTIONABLE.

10    AND SECOND, THAT THERE NEEDS TO BE, AS I UNDERSTAND IT, A

11    CONTRACT OR A GRANT AT ISSUE THAT IMPROPERLY DELEGATES THE

12    MUNICIPAL FUNCTION OF TAX TO A NONPROFIT.

13    WE DON'T HAVE THAT CONTRACT, AS WE POINTED OUT, UNTIL

14    DECEMBER.  WE AREN'T LIKELY TO HAVE THAT CONTRACT.  AND

15    OBVIOUSLY THE COMPLAINT DOESN'T ALLEGE A SPECIFIC CONTRACT IN

16    THAT REGARD.

17    AND THEN THE FINDING WOULD HAVE TO BE THAT THE CITY

18    COUNCIL IMPROPERLY SURRENDERED IN THE WAY THAT TERM IS DEFINED,

19    THE TAXING AUTHORITY.  AND THERE ARE A NUMBER OF WAYS

20    THROUGHOUT THE ORDINANCE THAT THE CITY MAINTAINS CONTROL OVER

21    THE WAY THAT THE MONEY WILL BE SPENT, BOTH IN THE PURPOSES THAT

22    IT SETS OUT IN THE ORDINANCE, WHICH IS SET FORTH IN

23    SECTION 10.32.220(A), THE CITY MANAGER'S OFFICE ALSO SETS THE

24    DATE THAT PAYMENT WILL BE MADE AND THE AMOUNT OF THE FEE.  IT

25    REQUIRES THAT THE NONPROFIT PROVIDE A BIANNUAL REPORT TO THE

1    APPROPRIATE CITY COUNCIL COMMITTEE WHICH WILL THEN BE GIVEN TO

2    THE CITY COUNCIL.  AND OBVIOUSLY AND THAT'S IN 10.32.220(D).

3        IT ALSO SETS OUT, OBVIOUSLY THE CITY MANAGER'S OFFICE WILL

4    BE PROMULGATING ALL THE REGULATIONS AROUND THE NONPROFIT'S

5    ACTIVITIES, INCLUDING GUIDELINES FOR AUDITING AND THE INITIAL

6    SORT OF REQUEST FOR INFORMATION, REQUEST FOR PROPOSAL PROCESS.

7        SO WE THINK THAT IN ANY EVENT, THIS IS NOT AN IMPROPER

8    DELEGATION OF TAXES AND THAT THE STRUCTURE THAT'S SET UP

9    CONTAINS THE REQUISITE LEVEL OF CONTROL THAT THE CITY WOULD

10    NEED TO HAVE OVER THE NONPROFIT'S ACTIVITIES.

11        I THINK I WILL STOP THERE AND PERHAPS LET MR. BITTLE

12    COMMENT, OR IF THE COURT HAS QUESTIONS, I'M HAPPY TO ANSWER.

13        THE COURT:  OKAY.  I DON'T HAVE ANY QUESTIONS, BUT I

14    WILL GIVE YOU THE LAST WORD AFTER YOU HEAR MR. BITTLE'S

15    COMMENTS.

16        GOOD MORNING, MR. BITTLE.  LET ME HEAR YOUR COMMENTS.

17        MR. BITTLE:  GOOD MORNING, YOUR HONOR.

18    YES.  THERE'S A LOT TO COVER.

19        THE COURT:  THERE IS.

20        MR. BITTLE:  IN OUR RECENTLY FILED CASE MANAGEMENT

21    STATEMENT, WHICH I DON'T KNOW IF THE COURT HAD A CHANCE TO READ

22    BECAUSE THE CASE MANAGEMENT CONFERENCE WAS VACATED, THE

23    PLAINTIFF STATED THEIR OPINION THAT THE CITY IS TRYING TO

24    MANIPULATE THIS LITIGATION BY INDEFINITELY DELAYING THE

25    DESIGNATION OF THE NONPROFIT THAT WILL COLLECT THE FEE.

1       THE CITY IS TRYING TO CONTROL THE OUTCOME OF ITS OWN

2    MOTION TO DISMISS FOR PREMATURITY.  AS COUNSEL MENTIONED

3    YESTERDAY, THE CITY FILED A STATUS REPORT ON IMPLEMENTATION OF

4    THE ORDINANCE, AND THAT REPORT CLEARLY STATES, AND COUNSEL

5    ADMITTED AS MUCH, THAT CITY COUNCIL IN JUNE, JUST BEFORE THE

6    JULY 1ST START OF THE FISCAL YEAR THAT WE ARE NOW IN, ADOPTED A

7    GUN HARM REDUCTION FEE FOR THIS YEAR OF $25.

8       NOW THEY SAY THEY MIGHT CHANGE THAT AMOUNT, BUT THERE IS A

9    GUN HARM REDUCTION FEE ENACTED FOR THE CURRENT FISCAL YEAR THAT

10    WE ARE NOW IN.

11       ON JULY 1ST, THE CITY MANAGER ALSO ISSUED REGULATIONS

12    REGARDING THE FEE.  AND IF YOU CAREFULLY READ THOSE

13    REGULATIONS, THEY STATE THAT THE ORDINANCE REQUIRING ANNUAL

14    PAYMENT OF THE FEE IS IN EFFECT AND THAT THE $25 FEE IS IN

15    EFFECT FOR THE 2022/'23 FISCAL YEAR.  HOWEVER, THE DATE FOR

16    PAYING THE FEE HAS NOT BEEN SET AND WON'T BE SET UNTIL THE

17    NONPROFIT HAS BEEN DESIGNATED.

18       NOW THE COURT MUST NOT BE MISLEAD HERE, THE $25 FEE FOR

19    THE 2022/'23 FISCAL YEAR HAS NOT BEEN WAIVED, IT IS OWED, THE

20    CITY JUST HASN'T NOTIFIED ANYONE YET WHEN AND WHERE TO PAY THE

21    FEE AND WHETHER THE AMOUNT OF THE FEE --

22       THE COURT:  MR. BITTLE, I AM REALLY HAVING TROUBLE

23    HERE BECAUSE WHAT YOU ARE TELLING ME HAS NOTHING TO DO WITH

24    YOUR PLEADING, AND SINCE I'M GIVING YOU LEAVE TO AMEND, YOU CAN

25    AMEND WITH ALL OF THESE THINGS TO PERSUADE ME THAT THE CLAIM IS

1       RIPE.  BUT I CAN'T FIND YOUR COMPLAINT ADEQUATE WITH THESE NEW

2       FACTS THAT ARE NOT IN THE COMPLAINT.

3           SO I THINK -- AND FRANKLY, THAT'S WHY I'M GIVING YOU LEAVE

4       TO AMEND ON EVERYTHING, EVEN THE SCHMEER ARGUMENT.  I MEAN, I

5       THINK WE NEED A MORE DEVELOPED RECORD, BUT I THINK YOU SHOULD

6       ALLEGE SOME FACTS HERE IN THE COMPLAINT, BECAUSE WHAT YOU ARE

7       TELLING ME, I DON'T DISAGREE WITH YOU THAT THESE THINGS HAVE

8       OCCURRED, THAT THE COUNCIL TOOK ACTION ON JUNE 30TH IN THE

9       BUDGET PROCESS TO IDENTIFY A $25 FEE.  THAT'S NOT IN YOUR

10      COMPLAINT.  AND SO I CAN'T -- IT TELLS ME YOU HAVE GROUNDS TO

11      AMEND, AND I ALWAYS PRESUME THAT I WOULD GIVE YOU THAT

12      OPPORTUNITY.

13          SO YOU ARE PERSUADING ME THAT YOU CAN TAKE ANOTHER CRACK

14      AT IT, YOU MIGHT BE SUCCESSFUL, BUT NONE OF THAT TELLS ME ABOUT

15      YOUR PLEADING AND WHAT IT CONTAINS.

16              MR. BITTLE:  RIGHT, YOUR HONOR.

17          BUT I THINK DISMISSING THE CLAIM AND GIVING US AN

18      OPPORTUNITY TO AMEND IS GOING TO BE -- IS ULTIMATELY GOING TO

19      BE AN EXERCISE IN FUTILITY, BECAUSE IF YOUR HONOR READ THE MEMO

20      FROM SARA -- I'M NOT SURE HOW TO PRONOUNCE HER LAST NAME, MAYBE

21      ZARATE, TO THE CITY COUNCIL THAT WAS AN ATTACHMENT TO THE

22      STATUS REPORT, SHE SAYS THAT IMPLEMENTATION OF THE ORDINANCE

23      HAS BEEN SUSPENDED UNTIL THE LEGAL SITUATION HAS BEEN

24      CLARIFIED.

25          SHE SAYS, "WHEN THE LEGAL SITUATION HAS BEEN CLARIFIED,

```
1    THEN FIRM IMPLEMENTATION DATES FOR EACH REQUIREMENT CAN BE

2    SET."  QUOTING FURTHER, SHE SAID, "IMPLEMENTATION OF THE GUN

3    HARM REDUCTION FEE CAN ONLY BEGIN AFTER THE LEGAL CHALLENGES

4    HAVE BEEN FULLY RESOLVED."

5            THE COURT:  SO MR. BITTLE, I TOOK ISSUE WITH THAT AS

6    WELL.  MS. PREVOST REMEMBERS THIS FROM THE PRELIMINARY

7    INJUNCTION HEARING, INDICATING THAT THE CITY IS NOT GOING TO

8    SLOUGH OFF ON THE COURT THAT RESPONSIBILITY, THAT THEY NEED TO

9    PROCEED.  I AGREE WITH YOU.  AND I MADE THAT VERY CLEAR TO

10   MS. PREVOST.  PERHAPS YOU WERE LISTENING AT THE PRELIMINARY

11   INJUNCTION.  BUT I DON'T DISAGREE WITH YOU AT ALL.

12      AND THE CITY IS -- TO THE EXTENT THAT THE CITY IS GOING TO

13   WAIT UNTIL I'M DONE, THEY ARE NEVER GOING TO HAVE A GUN

14   ORDINANCE, WHICH AS I SAID TO MR. COLUMBO, THAT'S WHAT YOU

15   WANT.  IMPLEMENTATION OF THIS RULE HAPPENING NEVER WOULD BE TOO

16   SOON FOR YOUR CLIENTS.

17      AND SO THE CITY, I THINK, HAS BACKED OFF OF THAT IN LATER

18   FILINGS ON THAT, THE SENSE THAT THEY ARE WAITING FOR THE COURT,

19   AND I'M NOT GOING TO REWARD THEM FOR THAT CAT AND MOUSE GAME, I

20   AGREE WITH YOU ENTIRELY.  BUT I STILL NEED YOU TO AMEND.

21      I DON'T KNOW WHY YOU THINK IT WOULD BE FUTILE.  YOU HAVE

22   GIVEN ME A SEVEN-PAGE COMPLAINT THAT IT SEEKS RELIEF UNDER THE

23   FIRST AMENDMENT, THE SECOND AMENDMENT, THE CALIFORNIA

24   CONSTITUTION.  IT'S A LITTLE BIT OF A MAJOR CASE, AND SEVEN

25   PAGES IN FEDERAL COURT WITH THE BARE BONES THAT YOU HAVE, ISN'T
```

1    ENOUGH TO GO FORWARD.

2         SO I'M GIVING YOU THE CHANCE, BECAUSE YOU FILED IT IN

3    STATE COURT WITHOUT OUR REQUIREMENTS, I WANT TO SEE A MORE

4    DEVELOPED FACTUAL SET OF ALLEGATIONS THAT WILL ALLOW THIS TO GO

5    FORWARD.

6         AND THIS INFORMATION ABOUT WHAT THE COUNCIL HAS DONE IN

7    THE BUDGET ACT TO SET A FLOOR OF $25, WOULD CERTAINLY SUPPORT

8    THE RIPENESS OF THE CLAIMS.  I DON'T DISAGREE WITH YOU.  IT'S

9    JUST NOT THERE NOW.  I NEED AN AMENDMENT.

10        I CAN'T JUST KNOW WHAT'S GOING ON AFTERWARDS AND SAY THAT

11   THE OLD COMPLAINT IS FINE.  YOUR SECOND AMENDMENT CLAIM DOESN'T

12   EVEN DEAL WITH BRUEN, HOW COULD IT, WE HAVE DISCUSSED THAT.

13   AND I REALLY WANT TO GIVE YOU THE OPPORTUNITY TO SHOW ME HOW

14   HOWARD JARVIS HAS ORGANIZATIONAL STANDING FOR THOSE CLAIMS.

15        AND I'M GLAD TO GIVE YOU THAT OPPORTUNITY.  MS. PREVOST

16   DIDN'T RAISE THAT ISSUE BECAUSE I THINK SHE UNDERSTOOD SHE

17   COULDN'T GET RID OF ALL THE PLAINTIFFS, BECAUSE YOU HAVE

18   INDIVIDUALS, THEY CAN HAVE ANY INTEREST THEY WISH.  BUT I NEED

19   TO LOOK AT EACH OF THE PARTIES.

20        SO I DON'T THINK IT'S A FUTILE EXERCISE.  IF YOU HAVE THAT

21   DISREGARD FOR THIS COURT PROCESS, THEN YOU ARE REALLY JUST

22   AIMING FOR THE SUPREME COURT, IT'S GOING TO BE A LONG SLOG FOR

23   YOU, LET ME TELL YOU.

24          MR. BITTLE:  I WOULD LIKE TO CLARIFY ONE THING ABOUT

25    OUR SECOND CAUSE OF ACTION OR SECOND CLAIM.

1          THE COURT:  OKAY.

2          MR. BITTLE:  TO USE FEDERAL TERMINOLOGY.

3       AND IT'S REALLY NOT A SECOND AMENDMENT CLAIM, IT IS A

4    CLAIM BASED ON A CALIFORNIA RULE CALLED UNCONSTITUTIONAL

5    CONDITIONS.

6       SO UNLIKE THE GUN RIGHTS GROUPS THAT ARE IN THIS

7    LITIGATION CLAIMING A VIOLATION OF THE SECOND AMENDMENT, AND

8    YOU KNOW, THIS IS NUANCE, I UNDERSTAND, BUT WE'RE ARGUING NOT

9    THAT THE SECOND AMENDMENT IS BEING VIOLATED, BUT THAT EXERCISE

10   OF THE SECOND AMENDMENT IS BEING CONDITIONED BY THE REQUIREMENT

11   THAT PEOPLE PAY A FEE IN ORDER TO EXERCISE THAT CONSTITUTIONAL

12   RIGHT.

13      AND IN CALIFORNIA, UNDER STATE LAW AT LEAST, THAT WOULD BE

14   A SEPARATE CAUSE OF ACTION.  THE DOCTRINE OF UNCONSTITUTIONAL

15   CONDITIONS.  AND I DON'T PLAN ON CHANGING THAT IF YOUR HONOR

16   GIVES US OPPORTUNITY TO AMEND THE COMPLAINT.  I'M STILL GOING

17   TO ASSERT THAT STATE CLAIM OF A VIOLATION OF THE CALIFORNIA

18   DOCTRINE OF UNCONSTITUTIONAL CONDITIONS, THAT YOU CAN'T JUST

19   CHARGE SOMEONE A FEE TO EXERCISE A CONSTITUTIONAL RIGHT.

20          THE COURT:  AND THAT IS NOT DIFFERENT, IN EFFECT,

21    THAN THE SECOND AMENDMENT CLAIM THAT NAGR BROUGHT.  I'M NOT

22    DISAGREEING THAT THERE'S A SEPARATE CAUSE OF ACTION UNDER STATE

23    LAW THAT CAN PULL IN AN ANALYSIS OF THE FEDERAL SECOND

24    AMENDMENT.  I'M NOT DISAGREEING WITH YOU ON THAT.  YOU HAVEN'T

25    ALLEGED ADEQUATE FACTS.

1    AND IF I'M -- I DON'T THINK THERE CAN BE AN

2    UNCONSTITUTIONAL CONDITION UNDER STATE LAW IF IT'S NOT

3    UNCONSTITUTIONAL UNDER FEDERAL LAW.  AND THAT WHOLE ISSUE ON

4    THE SECOND AMENDMENT IS GOING TO COME DOWN TO WHETHER THE FEE

5    IS EXORBITANT UNDER THE SUPREME COURT'S DISCUSSION IN THE BRUEN

6    CASE.

7         AND I WON'T KNOW IF IT'S EXORBITANT UNTIL I KNOW WHAT THE

8    FEE IS.  AND I'M NOT GOING TO DECIDE THE $25 IS NOT EXORBITANT,

9    ONLY TO HAVE THE CITY BOOST IT TO $50 AND THEN HAVE TO DO THE

10   ANALYSIS ALL OVER AGAIN.  I'M GOING TO WAIT UNTIL THEY ENACT A

11   FEE.  THIS IS CLEARLY -- THE $25 IS SIMPLY A PLACEHOLDER SO

12   THAT THEY CAN HAVE SOME FEE WHICH THEY CAN MODIFY THROUGHOUT

13   THE YEAR.

14        SO I'M NOT SUGGESTING YOU CAN'T HAVE A SECOND CAUSE OF

15   ACTION, I'M JUST SAYING YOU HAVE TO ALLEGE FACTS.  AND YOU

16   INCORPORATE PARAGRAPH 1 THROUGH 19, WHICH IS FINE, BUT THEN I

17   HAVE A SCANT THREE PARAGRAPHS, AND ONE OF THE THINGS YOU ALLEGE

18   IS AN INALIENABLE RIGHT, WHICH IS NOT AN ACCURATE STATEMENT OF

19   CALIFORNIA LAW.

20        AND YOU ALSO SEEM TO INDICATE THAT THERE MAY BE A FORCED

21   SURRENDER, WHICH IS A MISREADING OF THE ORDINANCE.  THERE IS NO

22   FORCED SURRENDER.  SO THERE ARE PROBLEMS WITH THE CLAIM ON THE

23   FACTUAL ALLEGATIONS AS BEING IMPLAUSIBLE, SO I'M GIVING YOU THE

24   OPPORTUNITY TO AMEND.

25             MR. BITTLE:  THAT'S FINE, YOUR HONOR.

1    I DO WANT TO COMMENT JUST BEFORE YOU LET ME GO, ON WHETHER

2    THERE IS AN INALIENABLE RIGHT UNDER THE CALIFORNIA

3    CONSTITUTION.  IT SOUNDS LIKE YOUR HONOR IS READY TO DISMISS

4    THAT PART OF THE CLAIM --

5         THE COURT:  YES.

6         MR. BITTLE:  -- WITHOUT LEAVE TO AMEND.

7         THE COURT:  I DON'T RECALL THAT YOU CITED A CASE THAT

8    SAID THAT IT WAS.  LET ME GET YOUR -- I HAVE THE COMPLAINT OUT,

9    LET ME LOOK AT YOUR OPPOSITION.

10        MR. BITTLE:  WELL, AS YOUR HONOR KNOWS, IN

11   CALIFORNIA, UNDER CALIFORNIA PLEADING RULES, WE ARE NOT

12   SUPPOSED TO USE OUR COMPLAINTS AS A MEMO OF POINTS OF

13   AUTHORITIES, WE ARE SUPPOSED TO ALLEGE ULTIMATE FACTS.  SO WE

14   DON'T USUALLY CITE CASES, BUT --

15        THE COURT:  I'M LOOKING AT YOUR OPPOSITION TO THE

16   MOTION.

17        MR. BITTLE:  OH, I'M SORRY.

18        THE COURT:  THAT'S WHAT I'M LOOKING AT.

19        MR. BITTLE:  I'M SORRY.

20        THE COURT:  NO, OF COURSE, AND EVEN UNDER FEDERAL

21   STANDARDS, YOU DON'T CITE CASES.

22      BUT YOU'VE CLAIMED AN INALIENABLE RIGHT AND --

23        MR. BITTLE:  MAY I ADDRESS THAT?

24        THE COURT:  WHAT CASE DID YOU CITE THAT SAYS THAT THE

25   RIGHT TO BEAR ARMS IS AN INALIENABLE RIGHT IN CALIFORNIA?

1    MR. BITTLE:  I DON'T THINK THERE'S A CASE, THAT'S WHY

2    I DIDN'T CITE ONE.

3        THE COURT:  OKAY.  THANK YOU.

4        MR. BITTLE:  BUT YOUR HONOR, RIGHT AT THE TOP OF OUR

5    STATE CONSTITUTION, ARTICLE 1, SECTION 1, WHERE THE INALIENABLE

6    RIGHTS ARE LISTED, ONE OF THEM IS THE RIGHT TO PROTECT

7    OURSELVES AND OUR PROPERTY.

8        THE CITY ARGUES THAT THIS PROVISION DOES NOT SPECIFICALLY

9    MENTION ANY RIGHT TO PROTECT YOURSELF WITH A GUN, AND THAT'S

10   TRUE, BUT IT ALSO DOESN'T MENTION ANY RIGHT TO PROTECT YOURSELF

11   WITH A KNIFE OR A STICK.  APPLYING THE CITY'S LOGIC, YOUR

12   INALIENABLE RIGHT TO DEFEND YOURSELF UNDER CALIFORNIA LAW IS

13   ONLY THE RIGHT TO USE YOUR BARE HANDS AGAINST AN ARMED

14   ASSAILANT.  AND OBVIOUSLY THAT'S NOT WHAT THE VOTERS MEANT WHEN

15   THEY GAVE THEMSELVES THE RIGHT OF SELF DEFENSE.

16       I BELIEVE WE HAVE A STATE CONSTITUTIONAL RIGHT TO USE ANY

17   LAWFUL MEANS TO DEFEND OUR PERSON AND OUR PROPERTY.  THE CITY,

18   THE CASE THAT THE CITY RELIES ON, THE KESSLER V. LOCKLEAR CASE,

19   HELD THAT CALIFORNIA'S CONSTITUTION DOES NOT INCLUDE A RIGHT TO

20   BEAR ARMS.  BUT AS WE NOW KNOW FROM THE U.S. SUPREME COURT'S

21   DECISION IN THE BRYAN CASE, THE RIGHT TO BEAR ARMS IS THE RIGHT

22   TO CARRY A GUN OUTSIDE THE HOME, WHICH IS DIFFERENT FROM THE

23   RIGHT TO KEEP ARMS INSIDE ONE'S HOME FOR PERSONAL PROTECTION.

24       SO I STILL CONTEND THAT CALIFORNIANS HAVE AN INALIENABLE

25   RIGHT TO USE ANY LAWFUL MEANS INCLUDING --

Excerpts 602

1    THE COURT:  THAT'S AN INTERESTING THEORY, AND RIGHT

2    NOW I'M GOING TO DISMISS THAT CLAIM, AND IF YOU WANT TO ALLEGE

3    FACTS THAT HELP ME OUT ON THAT, THAT'S FINE.  I WILL GIVE YOU

4    LEAVE TO AMEND ON THAT.  I WASN'T GOING TO, BUT I'M GOING TO

5    LOOK AT THE KESSLER CASE AGAIN.  I THOUGHT IT KIND OF LOCKED IT

6    UP.  I THINK THAT IS A PRETTY BROAD READING OF THE CALIFORNIA

7    CONSTITUTION, IT'S NOVEL, NO ONE ELSE HAS EVER READ IT THAT

8    WAY, NO ONE HAS EVER APPLIED IT, BUT I WILL GIVE YOU LEAVE TO

9    AMEND.

10    AND YOU KNOW I'M NOT CRITICAL OF YOUR PLEADING, YOU HAD

11    HOPED THIS CASE WOULD STAY IN STATE COURT AND IT DIDN'T WORK

12    OUT THAT WAY, SO YOU DIDN'T FILE A MOTION TO REMAND EITHER.  I

13    WAS SUGGESTING SOME, THAT IF YOU WANTED TO GO BACK TO STATE

14    COURT, YOU PROBABLY THOUGHT ABOUT IT MORE THAN I HAVE, BUT

15    THERE ARE CERTAINLY WAYS THAT YOU COULD DO THAT.

16    ALL RIGHT.  ANY LAST COMMENTS, MR. BITTLE?

17    MR. BITTLE:  JUST A HOUSEKEEPING MATTER, YOUR HONOR.

18    YOU DID ACKNOWLEDGE THAT WE FILED THIS AS A REVERSE

19    VALIDATION ACTION IN STATE COURT, AND IT PUBLISHED THE SUMMONS

20    AND SOMEONE RESPONDED TO THE PUBLISHED SUMMONS, A GROUP CALLED

21    THE GOLDEN STATE SECOND AMENDMENT COALITION, THEY'RE

22    REPRESENTED BY AN ATTORNEY NAMED JASON BEZIS, THEY FILED AN

23    ANSWER TO OUR COMPLAINT IN STATE COURT.  JUST FOR MY BENEFIT

24    AND THEIRS, IS THERE ANY OPPORTUNITY FOR THEM TO PARTICIPATE

25    HERE IN FEDERAL COURT, BECAUSE --

1     THE COURT:  THAT'S AN INTERESTING ISSUE, MR. BITTLE.

2     I HAD BEEN THINKING THAT I MAY DECLINE SUPPLEMENTAL

3  JURISDICTION OVER THE VALIDATION ACTION ITSELF, BECAUSE IT IS

4  SUCH A UNIQUE PROCESS UNDER STATE LAW THAT THE STATE COURTS ARE

5  BETTER SUITED TO DEAL WITH IT.

6     I CAN'T TELL WHAT YOU -- YOU HAD ONE SPARSE LINE SAYING

7  THIS IS A VALIDATION ACTION UNDER CCP 860, AND THEN YOU GO INTO

8  THESE OTHER CLAIMS THAT ARE NOT PURELY VALIDATION.

9     THE FEDERAL COURT IS SIMPLY NOT EQUIPPED TO, AND NOR

10  SHOULD WE BE HANDLING AND TRYING TO UNDERSTAND THESE UNIQUELY

11  STATE PROCEDURES.

12     SO I MEAN, THAT'S THE OTHER PROBLEM HERE IS THAT I'M --

13  AND THEN I DON'T KNOW WHAT REMAINS IF I DECLINE THE VALIDATION

14  ACTION.

15     MR. BITTLE:  YEAH.  THAT'S AN INTERESTING QUESTION.

16     I MEAN, I FEEL LIKE THE BULK OF OUR COMPLAINT WAS PLED

17  UNDER STATE LAW, AND PERHAPS IF WE DISMISS THE FEDERAL FIRST

18  AMENDMENT CLAIM, ALL THE REST OF OUR CASE COULD GO BACK TO

19  STATE COURT, IF YOUR HONOR GAVE US THE OPPORTUNITY TO DO THAT.

20     THE COURT:  I ACTUALLY THINK, MR. BITTLE, THAT THAT

21  MAKES SENSE.  VALIDATION ACTIONS CAN BE OF VALUE TO THE PUBLIC

22  AGENCY AS WELL; IN FACT, THAT'S WHY THE LAW WAS CREATED, SO

23  THAT A PUBLIC AGENCY COULD VALIDATE ITS ACTION BEFORE IT

24  CHANGED ITS POSITION IN RELIANCE.

25     THE REVERSE VALIDATION IS WELL UNDERSTOOD UNDER STATE LAW,

1   AND THAT'S WHAT YOU HAVE TAKEN ADVANTAGE OF.  THAT'S, IN MY

2   15 MINUTES OF RESEARCH IN READING THE CCP, AND ACTUALLY, I WAS

3   ON THE STATE BENCH FOR 13 YEARS AND I NEVER SAW ONE OF THESE,

4   BUT THAT WOULD BE A LONG TIME AGO NOW, SO I'M A LITTLE BIT

5   RUSTY.

6        I WANT YOU TO THINK ABOUT THAT, BECAUSE I AM NOT INCLINED

7   TO ACCEPT SUPPLEMENTAL JURISDICTION ON THE VALIDATION ACTION.

8   IF YOU WANT TO, AND I WILL GIVE YOU SOME TIME ON THIS TO SUBMIT

9   A STATEMENT THAT YOU WOULD DECLINE TO AMEND THE FEDERAL CLAIMS

10  IF, AND ONLY AMEND THE VALIDATION, THAT MAY HELP ME IN SIMPLY,

11  OR MAYBE IN THIS ORDER I SHOULD SIMPLY SAY THAT I'M NOT

12  ACCEPTING SUPPLEMENTAL JURISDICTION, THEN YOU CAN DECIDE WHAT

13  TO DO.  MAYBE THAT'S THE BEST.  THAT'S THE CLEANEST.

14        MR. BITTLE:  WHAT WOULD BE THE PROCEDURAL METHOD THAT

15  I WOULD USE?

16        THE COURT:  I WOULD REMAND THE VALIDATION ACTION TO

17  THE STATE COURT, BECAUSE THIS WAS REMOVED, AND I WOULD RETAIN

18  THE CLAIMS THAT ARE FEDERAL, IF ANY REMAIN.  YOU MAY NOT WISH

19  TO LITIGATE ON TWO FRONTS, THAT'S YOUR CHOICE.

20        MR. BITTLE:  I DON'T.

21        THE COURT:  SO THAT'S A CONVERSATION WITH YOUR

22  CLIENTS, OF COURSE, I DON'T NEED TO PUT YOU ON THE SPOT NOW.

23        BUT I THINK WHAT I'M GOING TO DO, MR. BITTLE, IS I'M GOING

24  TO ISSUE THIS ORDER.  I WILL DEAL WITH WHETHER I ACCEPT

25  SUPPLEMENTAL JURISDICTION OR NOT ON THE VALIDATION.  IT'S NOT

1    CLEAR TO ME WHAT'S COVERED BY THAT.

2         CLEARLY, A FIRST AMENDMENT OR SECOND AMENDMENT CLAIM WOULD

3    NOT, BY ITSELF, WOULD NOT BE A VALIDATION ACTION, THERE IS

4    FEDERAL JURISDICTION ON THAT.

5         MS. PREVOST, THE CITY MAY HAVE TO DEFEND THIS IN STATE

6    COURT AS WELL, AND I JUST THINK THAT -- AND I'M PARTICULARLY

7    CONCERNED AND GREATLY APPRECIATE, MR. BITTLE, YOU LETTING ME

8    KNOW THAT THERE WAS A RESPONSE TO THAT PUBLISHED SUMMONS THAT

9    WOULD BRING OTHER PARTIES IN AND MAKE THIS REALLY QUITE

10   UNMANAGEABLE FOR THIS COURT.

11        LET ME ASK YOU A LAST QUESTION, MR. BITTLE, ON THE

12   RIPENESS ISSUE, THINGS ARE CHANGING, AND IT'S NEVER MY GOAL TO

13   MAKE YOU AMEND, AND AMEND, AND AMEND, THE CITY ORDINANCE IS A

14   LITTLE BIT OF A MOVING TARGET, THAT'S ESSENTIALLY TRUE, AND I

15   WOULD EVEN BE GLAD TO GIVE YOU LEAVE TO AMEND UNTIL

16   JANUARY 15TH, IF THAT WOULD BE HELPFUL TO YOU.  YOU CAN AMEND

17   SOONER, THAT'S NOT A PROBLEM, BUT I WANT TO HEAR YOUR VIEW ON

18   THAT, AND THEN I WANT TO HEAR MS. PREVOST'S VIEW ON THAT

19   LENGTHY A TIME.

20        BUT IT LOOKS LIKE THIS MAY BECOME RIPE, AND I'M JUST NOT

21   GOING TO OPEN UP THE DOORS ON DISCOVERY AND MOTIONS AND ALL

22   UNTIL IT IS.  SO WHAT'S YOUR THINKING ON AN INTENDED TIME TO

23   AMEND?

24             MR. BITTLE:  WELL, MY FIRST PREFERENCE WOULD BE FOR

25   THE COURT TO GIVE THE CITY AN EARLIER DEADLINE TO DESIGNATE A

1    NONPROFIT.

2              THE COURT:  I DON'T HAVE THAT AUTHORITY.  I DON'T

3    HAVE THAT AUTHORITY.  THAT IS NOT WITHIN MY PURVIEW.  I DO NOT

4    TELL CITY COUNCILS WHEN TO TAKE ACTION.

5              MR. BITTLE:  WELL, IN THIS CASE, THE TIMELINE WAS AN

6    ATTACHMENT TO THE STATUS REPORT, SAID THAT THE CITY HASN'T EVEN

7    ISSUED REQUESTS FOR PROPOSALS YET AND DOESN'T PLAN TO DO THAT

8    UNTIL OCTOBER, I THINK, OR MAYBE IT WAS SEPTEMBER.  AND THEN

9    IT'S HOPING TO IDENTIFY THE NONPROFIT SOME TIME IN DECEMBER.

10        SO YEAH, I WOULD SAY WE CAN'T ALLEGE FACTS ABOUT THE

11   IDENTITY OF THE NONPROFIT UNTIL AT LEAST JANUARY.  BECAUSE

12   LET'S SAY THE CITY WAITS UNTIL THE END OF DECEMBER TO DESIGNATE

13   THE NONPROFIT, AND ALL WE HAVE AT THAT POINT IN TIME IS A NAME.

14   IT MIGHT VERY WELL BE THE NONPROFIT THE CITY HAS FORMED OR IS

15   IN THE PROCESS OF FORMING.  BUT WHAT WE WON'T KNOW IS WHAT THE

16   NONPROFIT PLANS TO DO WITH THE MONEY, BECAUSE REMEMBER, THE

17   ORDINANCE SAYS THE NONPROFIT, I MEAN, WITHIN CERTAIN

18   GUIDELINES, IS GOING TO DECIDE HOW TO SPEND THAT MONEY AND WHAT

19   SERVICES AND PROGRAMS IT'S GOING TO OFFER.

20        SO WE MAY, I DON'T KNOW, WE MIGHT NEED SOME DISCOVERY TIME

21   BEFORE WE CAN -- BEFORE WE EVEN KNOW THE FACTS TO ALLEGE IN AN

22   AMENDED COMPLAINT.

23              THE COURT:  YOU HAVE A RULE 26 PROBLEM THERE.  THE

24   PURPOSE OF A COMPLAINT IS NOT TO OPEN THE DOOR TO DISCOVERY AND

25   THEN FIGURE OUT WHAT YOUR CASE IS, THAT YOU KNOW.

1          MR. BITTLE:  PUBLIC RECORDS ACT THEN.

2          THE COURT:  AND AGAIN, THAT'S FOR YOU AND THAT'S FOR

3     THE STATE COURT TO ENFORCE OR NOT.

4          MS. PREVOST, WHAT'S YOUR THINKING ABOUT THE SUPPLEMENTAL

5     JURISDICTION ON THE VALIDATION CLAIM, MY DECLINING SUPPLEMENTAL

6     JURISDICTION AND ON THE TIME TO AMEND?

7          MS. PREVOST:  THANK YOU, YOUR HONOR.

8          WHEN WE BEGAN THIS, I WAS GOING TO SUGGEST ACTUALLY

9     SOMETHING SIMILAR, WHICH I DON'T THINK ANYBODY HAS ANY INTEREST

10    IN LITIGATING A CASE THAT ISN'T FACTUALLY SETTLED.  AND IT

11    DOESN'T CONSERVE JUDICIAL RESOURCES, IT DOESN'T HELP ANYONE,

12    FRANKLY.

13         AND SO JANUARY 15TH SEEMS FINE.  YOU KNOW, I'M JUST --

14    THIS IS AN UNDERDEVELOPED IDEA THAT I HAD WHILE WE WERE ALL

15    DISCUSSING THIS, BUT THE CITY IS POSTING, AND THIS IS ALSO

16    CONTAINED IN OUR STATUS REPORT, UPDATES OF THE REGULATIONS AS

17    THEY ARE FINALIZED BY THE CITY MANAGER'S OFFICE, WHICH WILL BE

18    THE THING THAT HAPPENS TO TRIGGER ENFORCEMENT AND COLLECTION OF

19    THE NONPROFIT FEE.

20         AND THOSE ARE BEING POSTED LIVE ON THE POLICE DEPARTMENT

21    WEBSITE BECAUSE THAT'S JUST THE DEPARTMENT WHERE THE NONPROFIT

22    FEE HAPPENS TO BE LIVING.

23         SO THAT WILL PROVIDE NOTICE TO THE PUBLIC OF WHEN THE

24    ISSUE OF THE FEE BEING COLLECTED AND ENFORCED, OF THAT

25    PROVISION BEING ENFORCED, THAT THAT WILL BEGIN.  WE CAN OFFER

1    TO PROVIDE NOTICE TO THE COURT AND TO THE PARTIES OF WHEN THAT

2    HAPPENS, AND PERHAPS THE COURT CAN ISSUE AN ORDER SAYING WITHIN

3    A CERTAIN NUMBER OF DAYS FROM THAT HAPPENING, THAT THE PARTIES

4    WILL HAVE LEAVE TO AMEND.  THAT'S ONE OPTION.

5          BUT I THINK THAT UNTIL THE FACTUAL RECORD IS SET,

6    PARTICULARLY WITH THE FEE, THIS WILL, AND BY THIS I MEAN UNRIPE

7    COMPLAINTS THAT ARE PREMISED ON FACTS THAT MAY CHANGE, WILL

8    KEEP BEING FILED AND WE WILL KEEP MOVING TO DISMISS THEM AND

9    THE COURT WILL KEEP NEEDING TO PRESIDE OVER THOSE MOTIONS.  SO

10   I THINK IT MAKES SENSE FOR SOMETHING TO BE PUT INTO PLACE.

11          THE COURT:  AND THEN OF COURSE I WOULD BE PICK A

12   DATE, AND I'M GIVING MY BEST ESTIMATE, IF YOU GOT TO

13   JANUARY 2ND AND YOU REALIZED THAT ANOTHER 15 DAYS OR 30 DAYS

14   WAS NECESSARY, YOU CAN JUST SUBMIT A STIP AND ORDER TO EXTEND

15   THE TIME FOR THE AMENDMENT.  THAT'S EASY.

16          AND I WANT TO HEAR COMMENTS ON THE ISSUE OF SENDING THE

17   VALIDATION ACTION BACK TO STATE COURT.

18          MS. PREVOST:  WELL, YOUR HONOR, MY CLIENT PROBABLY

19   DOESN'T WANT TO LITIGATE IN TWO DIFFERENT FORUMS; HOWEVER, I

20   RECOGNIZE THE COURT'S CONCERN ABOUT TAKING JURISDICTION OVER

21   THE VALIDATION ACTION AND WHAT THAT WOULD MEAN TO THE COURT.

22          OUR PREFERENCE WOULD BE TO KEEP THE CASES STREAMLINED IN

23   ONE FORUM, BUT IT MAY NOT BE POSSIBLE TO DO THAT AND I

24   RECOGNIZE THAT.

25          IN TERMS OF TIMING, I DON'T KNOW, AND MAYBE MR. BITTLE CAN

1    COMMENT ON THIS, ON WHAT THE NEXT STEPS OF THE VALIDATION

2    ACTION ARE FROM A TIMING OF STATE COURT NOW THAT AN ANSWER HAS

3    BEEN RECEIVED.  SO I WOULD JUST ASK THAT ENOUGH TIME IS GIVEN

4    FOR US TO RESPOND IN THAT FORUM.

5        BUT OTHER THAN THAT, I DON'T THINK THE CITY HAS A POSITION

6    ON WHAT THE COURT'S DESIRES ARE IN THAT REGARD.

7            THE COURT:  ALL RIGHT.  I APPRECIATE THAT.

8        AND OF COURSE AS MR. BITTLE TALKS TO HIS CLIENTS, THEY MAY

9    DECIDE THAT THEY ARE NOT GOING TO LITIGATE IN TWO FORUMS AND

10   THIS CASE GOES ONLY TO STATE COURT AND IS REDIRECTED TO THOSE

11   ISSUES, THAT'S UP TO MR. BITTLE AND HIS CLIENTS TO DECIDE, AND

12   I WILL GIVE HIM AMPLE TIME TO DO THAT.

13       ALL RIGHT.  THIS HAS BEEN VERY HELPFUL.  MR. BITTLE, THANK

14   YOU FOR YOUR COMMENTS AND EXPLANATION.  I UNDERSTAND MORE ABOUT

15   YOUR CASE, AND I DO APPRECIATE THAT.

16       I WILL BE ISSUING AN ORDER ON THIS, AND I THINK GIVING YOU

17   THE TIME TO LET THE DUST SETTLE OR THE CASE BE DEVELOPED BETTER

18   OR THE -- WE NEED TO KNOW WHAT ORDINANCE IT IS THAT'S BEING

19   CONTESTED, THAT WILL BE VERY HELPFUL.

20       I'M EXPECTING THIS ORDER WILL BE OUT, I HAVE ONE MORE

21   HEARING, I THINK NEXT WEEK, MS. PREVOST, AND THEN THE ORDER

22   SHOULD BE OUT IN A COUPLE OF WEEKS AFTER THAT, SO THAT YOU CAN,

23   BUT I THINK YOU KNOW THE DIRECTION I'M GOING, IT'S ALWAYS

24   BETTER TO WAIT AND READ IT, I UNDERSTAND THAT, BUT IT WILL GIVE

25   YOU SOME THINGS TO THINK ABOUT.

1    MS. PREVOST:  YOUR HONOR, IF I COULD JUST MAKE ONE

2    MORE COMMENT BEFORE WE CLOSE.

3    ON THE ISSUE OF THE CITY WAITING FOR LEGAL CHALLENGES TO

4    BE RESOLVED, I KNOW WE DISCUSSED THAT IN THE LAST HEARING, I

5    JUST WANTED TO MAKE A FINAL COMMENT ON THAT.

6    ANY REFERENCE TO ANY CITY MATERIALS OF PENDING LEGAL

7    CHALLENGES REFER ONLY TO THE PRELIMINARY INJUNCTION MOTION.  SO

8    THE CITY WAS IN A POSITION OF NOT KNOWING WHETHER THE ENTIRE

9    ORDINANCE WAS GOING TO BE STRUCK DOWN IMMEDIATELY, AND THAT'S

10   WHY THEY WERE PAUSING CERTAIN ASPECTS TO NOT DEVOTE RESOURCES.

11   BUT IN THE STATUS REPORT WE JUST SUBMITTED, FOOTNOTE TWO

12   REFERENCES THE CITY MANAGER'S RECENT STATEMENT LAST WEEK WHICH

13   SAYS, LEGAL CHALLENGES AGAINST THE ORDINANCE ARE STILL PENDING,

14   BUT WITH THE RECENT DEVELOPMENT OF THE PRELIMINARY INJUNCTIONS

15   IN THOSE CASES, STAFF WILL PROCEED TO IMPLEMENT THE ORDINANCE

16   AS OUTLINED.

17   SO I JUST WANTED TO PUT EVERYONE AT REST THAT THAT SHOULD

18   NOT FACTOR INTO THE TIMING ASPECT OF THE COURT'S ORDER IN TERMS

19   OF HOW WE MOVE FORWARD AND HOW TO AMEND.

20   THE COURT:  OKAY.  THANK YOU.

21   I DO APPRECIATE THE CITY MANAGER'S CLARIFICATION, BECAUSE

22   I WAS AS CONCERNED AS MR. BITTLE ABOUT THAT SITUATION.

23   SO I THINK, MR. BITTLE, WE HAVE RESOLVED THAT ISSUE.

24   ALL RIGHT.  THANK YOU BOTH FOR REALLY EXCELLENT ARGUMENT

25   HERE.  AND ONCE YOU SEE MY ORDER, YOU WILL BE ABLE TO DECIDE

1     WHAT TO DO.

2         AND MR. BITTLE, SHOULD YOUR CLIENTS DECIDE YOU ARE NOT

3     GOING TO AMEND HERE IF I ISSUE A REMAND OF THE VALIDATION

4     ISSUE, I GUESS YOU WILL NEED TO LET US KNOW THAT YOU WON'T BE

5     AMENDING AND THAT THE CLAIMS WOULD BE DISMISSED IN THIS COURT.

6     YOU MAY WISH TO CONTINUE TO LITIGATE HERE, AND I WELCOME YOU,

7     OKAY?

8         MR. BITTLE:  THANK YOU, YOUR HONOR.

9         THE COURT:  ALL RIGHT.  THANK YOU ALL.

10        MS. PREVOST:  THANK YOU, YOUR HONOR.

11    (THE PROCEEDINGS WERE CONCLUDED AT 10:38 A.M.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4            **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8            I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13           THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185          DATED: 9/7/22

1  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
2  TAMARAH P. PREVOST (SBN 313422)
   tprevost@cpmlegal.com
3  ANDREW F. KIRTLEY (SBN 328023)
   akirtley@cpmlegal.com
4  MELISSA MONTENEGRO (SBN 329099)
   mmontenegro@cpmlegal.com
5
   **COTCHETT, PITRE & McCARTHY, LLP**
6  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
7  Burlingame, CA  94010
   Telephone: (650) 697-6000
8  Facsimile: (650) 697-0577
9
10 *Attorneys for Defendants*

11            **UNITED STATES DISTRICT COURT**

12       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                  **SAN JOSE DIVISION**

14 | **NATIONAL ASSOCIATION FOR GUN** | Case No. 5:22-cv-00501-BLF |
   **RIGHTS, INC.**, a non-profit corporation, and
15 **MARK SIKES**, an individual,                **DEFENDANTS' CORRECTED STATUS**
                                                 **REPORT ON IMPLEMENTATION OF**
16              Plaintiffs,                      **THE GUN HARM REDUCTION**
                                                 **ORDINANCE**
17      v.
                                                 [Replacing Version of Status Report Inadvertently
18                                               Filed on August 16, 2022, at ECF 77]
   **CITY OF SAN JOSE**, a public entity,
19 **JENNIFER MAGUIRE**, in her official capacity
   as City Manager of the City of San Jose, and the
20 **CITY OF SAN JOSE CITY COUNCIL**,

21              Defendants.

22
23 | **HOWARD JARVIS TAXPAYERS** | Case No. 5:22-cv-02365-BLF |
   **ASSOCIATION**; Silicon Valley Taxpayers
24 Association; Silicon Valley Public Accountability   [Replacing Version of Status Report Inadvertently
   Foundation; James Barry; and George Arrington,     Filed on August 16, 2022, at ECF 24]
25
26              Plaintiffs,

27      v.

28
   Defendants' Corrected Status Report on Implementation of the Gun Harm Reduction Ordinance
   Case Nos. 5:22-cv-00501-BLF, 5:22-cv-02365-BLF, 5:22-cv-02533-BLF

1

2

3

CITY OF SAN JOSE, and all persons interested
in the matter of San Jose Ordinance No. 30716,
establishing an Annual Gun Harm Reduction Fee,

Defendants.

4

5

6

7

8

9

10

11

12

CHRISTOPHER GLASS and
FIREARMS POLICY COALITION, INC.,

Plaintiffs,

v.

CITY OF SAN JOSE;
ANTHONY MATA, in his official capacity as
Chief of Police of the City of San Jose; and
JENNIFER MAGUIRE, in her official capacity
as City Manager of the City of San Jose,

Defendants.

Case No. 5:22-cv-02533-BLF

[Replacing Version of Status Report Inadvertently
Filed on August 16, 2022, at ECF 35]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants City of San Jose, City Manager Jennifer Maguire, and the City of San Jose City Council (collectively, the "City") provide the following Status Report to the Court and the parties in these three related actions, concerning the City's ongoing efforts to implement the San Jose Gun Harm Reduction Ordinance ("Ordinance") at issue in these cases.

Since the Ordinance was approved by the City Council on February 8, 2022, the City has been working diligently to develop regulations and administrative procedures, and take other actions necessary to ensure the Ordinance, when fully implemented, will have the administrative infrastructure it needs to function effectively. On July 8, 2022, the City updated the Court that, notwithstanding the Ordinance's effective date of August 8, 2022, the City Manager's Office ("CMO") announced it was delaying implementation of the Ordinance's insurance and fee requirements while it continued to work diligently to effectuate the Ordinance's terms. *See NAGR* Action, ECF 64, at 7. In that update, the City referred the Court to the *Memorandum from Sarah Zárate to San Jose Mayor and City Council Re: Gun Harm Reduction Ordinance Update* (July 1, 2022), available at https://www.sanjoseca.gov/home /showpublisheddocument/87508 ("July Memorandum"). *NAGR* Action, ECF 64, at 7. The July Memorandum contains a table titled "Implementation Timeline," which lists the tasks the City needs to complete to implement the Ordinance, notes which tasks have already been completed, and provides estimated completion dates for those yet to be accomplished. July Memorandum at 3-5.

The July Memorandum continues to provide an accurate list of the anticipated work the City will, or has, undertaken to implement the Ordinance. Defendants now provide an update on the City's progress in completing each relevant task.

The Gun Harm Reduction Fee

As the City has previously informed the Court, the City has not set a date for when enforcement of the Fee requirement will begin, nor has it designated the nonprofit organization to which the Fee must be paid. *See* July Memorandum at 2; Ordinance § 10.32.215. The CMO estimates that the contract with the yet-to-be-designated nonprofit organization will be finalized in December 2022, which is a prerequisite to the City beginning to enforce the Fee requirement. *See* July Memorandum at 2, 5.

On June 14, 2022, however, the City Council did take an initial step toward establishing the Fee, as noted in the July Memorandum. *Id.* at 1 (¶ 2), 3, 5. The Ordinance requires the Fee "be set forth

Defendants' Corrected Status Report on Implementation of the Gun Harm Reduction Ordinance
Case Nos. 5:22-cv-00501-BLF, 5:22-cv-02365-BLF, 5:22-cv-02533-BLF

Excerpts 616

1

in the schedule of fees and charges established by resolution of the City Council." § 10.32.215. By way of the City's customary annual budget process, the schedule of fees and charges is presented to the City Council for approval in June, immediately prior to the beginning of the City's fiscal year on July 1. Each of those fees and charges must be associated with the budget of a particular City department in order to properly pass through the City's budgetary process and be approved.

With these requirements in mind, the City Council, after a public hearing, voted in June 2022 to approve the City's "Fee and Charges Report" for the 2022-2023 fiscal year, which included the Fee as part of the City Police Department's annual budget and set a placeholder Fee amount of $25 per gun-owning household, along with the express caveat that the $25 Fee would not be enforced at this time. *See* July Memorandum at 1, 3, 6; San Jose City Council Resolution No. 80571 § 29 (June 14, 2022), *available at* https://records.sanjoseca.gov/Resolutions/RES80571.pdf; San Jose Office of the City Manager, *Proposed 2022-2023 Fees & Charges Report*, at pp. xiv, C-26, 119 (May 2022), *available at* https://www.sanjoseca.gov/home/showpublisheddocument/85569/637877133876630000; *see also Memorandum from Jim Shannon to San Jose Mayor and City Council Re: 2022-2023 Adopted Fees and Charges* (July 7, 2022), *available at* https://www.sanjoseca.gov/home/showpublisheddocument /87810/637932316704370000 (indicating the Proposed 2022-2023 Fees & Charges Report was approved by the City Council). This action was undertaken as a first step for the City to retain the possibility of enforcing the Fee requirement at any time during the City's 2022-2023 fiscal year. The $25 amount was chosen because it is consistent with the Mayor's public direction, made before the Ordinance was adopted and before any litigation was initiated, that the City Council establish the Fee at "$25 per gun-owning household." *See Memorandum from Mayor Licardo to San Jose City Council* (Jan. 21, 2022), *available at* https://sanjose.legistar.com/View.ashx?M=F&ID=10421783&GUID =133AE89A-69E1-45E9-BE91-145F9DD29089. The Police Department was selected as the most logical City Department to assign the Fee to for budgetary purposes because that is the Department that will ultimately be responsible for enforcing the Ordinance via administrative citation. *See* Ordinance § 10.32.240.

However, this action by the City Council did not permanently set the Fee; it merely completed the first of two steps necessary to enforce the Fee requirement by ensuring the Fee is listed on the

Defendants' Corrected Status Report on Implementation of the Gun Harm Reduction Ordinance
Case Nos. 5:22-cv-00501-BLF, 5:22-cv-02365-BLF, 5:22-cv-02533-BLF                    2
Excerpts 617

City's Fee and Charges Report. The second step required to set the Fee is that the CMO, after it has completed all necessary prerequisites to enforcing the Fee (i.e., after the nonprofit organization has been designated and the City has secured a contract with the nonprofit), will have to re-appear before the City Council and ask it to vote on and approve the CMO's authority to begin requiring payment of the Fee. As part of this same process and vote, the City Council has the power to change the Fee to whatever amount it deems appropriate. In other words, when this second vote on the Fee occurs, the City Council may choose the keep the Fee at the current $25 placeholder amount, or it may set another amount.[1]

In sum, while a placeholder Fee amount of $25 was used for the first step of including the Fee in the City's annual budgetary process, the nonprofit organization to which the Fee must be paid has not yet been designated, additional City Council action is required before the CMO can begin enforcing the Fee requirement, and the amount of the Fee is still subject to change. Because of this, the fact that the City included the Fee on the 2022-2023 Fee and Charges Report with a placeholder amount of $25 does not materially affect the ripeness analysis, or indeed any other issue that has been briefed by the parties in these related actions. Indeed, it is the evolving nature of the implementation process and underdeveloped factual record that makes judicial review of the Ordinance difficult and inappropriate at this time.

The Liability Insurance Mandate

As noted in the July Memorandum, the CMO has issued regulations suspending implementation of the Ordinance's liability insurance mandate, while it finalizes the procedures and attestation form necessary to implement it, including regulations necessary to flesh out the criteria for the Ordinance's "financial hardship" exemption. July Memorandum at 3. The City is also developing a robust outreach

---

[1] The City's undersigned counsel did not become aware that the Fee was listed on the City's Fees and Charges Report and was voted on by the City Council in June until after the most recent hearing in these matters, on August 4, 2022. Counsel regrets and apologizes to the Court for not being able to inform it of this update earlier and will ensure any future material development in the implementation of the Ordinance will be promptly brought to the Court's attention.

Defendants' Corrected Status Report on Implementation of the Gun Harm Reduction Ordinance
Case Nos. 5:22-cv-00501-BLF, 5:22-cv-02365-BLF, 5:22-cv-02533-BLF                3

Excerpts 618

plan to ensure gunowners understand their responsibilities and have sufficient time to connect with their current and (if necessary) potential new insurance providers. Enforcement of the insurance mandate is estimated to begin in January 2023 at the earliest. *Id.* at 2.

<u>The City's Ongoing Implementation Activities</u>

The City is actively working to complete additional tasks necessary to implement the Ordinance. By way of non-exhaustive examples, the City still must prepare a self-attestation form for gunowners to certify compliance with the Ordinance's insurance requirement, revise the CMO's regulations to establish the form and procedure necessary to implement the insurance requirement (including criteria and procedures for implementing the financial hardship exemption), return to the City Council with proposed fine amounts for violation of the Ordinance, and finalize the enforcement and appeal procedure for administrative citations for violations of the Ordinance. *See, e.g.*, July Memorandum at 3-5. The City must also designate the nonprofit organization that will collect the Fee and, to that end, will engage in outreach and a Request For Information process, to solicit proposals from any appropriate organizations qualified to effectuate the Ordinance's purposes. *Id.*[2]

On July 1, 2022, in an effort to be fully transparent with the public about the work it is doing to implement the Ordinance and the anticipated schedule, the City launched a website to provide ready access to the CMO's implementing regulations and provide information on the current implementation

---

[2] References in the July Memorandum to "implementation delays due to litigation" and "[a]ssess[ing] litigation status" (July Memorandum at 2, 4) referred only to awaiting the outcome of the preliminary injunction motion in the *NAGR* Action, which has now been decided by the Court. *See NAGR* Action, ECF 72, Order Denying Mot. for Prelim. Inj. (Aug. 3, 2022). The City is not slowing or pausing its implementation activities pending any further proceedings in this Court. *See Memorandum from Sarah Zárate to San Jose Mayor and City Council Re: Gun Violence Study Session* at 4 (Aug. 11, 2022), *available at* https://sanjose.legistar.com/View.ashx?M=F&ID=11130885&GUID=60097F28-A405-4B25-BBF3-4829035BE295 ("Legal challenges against the ordinance are still pending, but with the recent denial of preliminary injunctions in those cases, staff will proceed to implement the ordinance as outlined in the work plan.").

status of the Ordinance. This information can be found on the City of San Jose Police Department's website under Documents & Policies: Gun Ordinances FAQ. *See* https://www.sjpd.org/records /documents-policies/gun-ordinances-faq. The City Council also held a public Gun Violence Prevention Study Session on August 15, 2022, for which the CMO provided a memorandum with further updates about the anticipated schedule for implementing the Ordinance. *See Memorandum from Sarah Zárate to San Jose City Council Re: Gun Violence Prevention Study Session* (Aug. 11, 2022), *available at* https://sanjose.legistar.com/View.ashx?M=F&ID=11130885&GUID=60097F28-A405-4B25-BBF3-4829035BE295.

      The City will provide additional updates to the Court as appropriate, within ten days of any further material development in the City's ongoing effort to implement the Ordinance.

Dated: August 17, 2022                 Respectfully submitted,

                              **COTCHETT, PITRE & McCARTHY, LLP**

                              By:   */s/ Tamarah P. Prevost*
                                  Joseph W. Cotchett
                                  Tamarah P. Prevost
                                  Andrew F. Kirtley
                                  Melissa Montenegro

                              *Attorneys for Defendants City of San Jose, et al.*

Defendants' Corrected Status Report on Implementation of the Gun Harm Reduction Ordinance
Case Nos. 5:22-cv-00501-BLF, 5:22-cv-02349-BLF, 5:22-cv-02533-BLF       5

Excerpts 620

ADRMOP,APPEAL,CONSOL,RELATE

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:22-cv-00501-BLF

National Association for Gun Rights, Inc. et al v. City Of San Jose et al

Assigned to: Judge Beth Labson Freeman

Referred to: Magistrate Judge Virginia K. DeMarchi

Relate Case Case: 5:22-cv-02533-BLF

Case in other court: Ninth Circuit Court of Appeals, 23-16091

Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 01/25/2022

Date Terminated: 07/28/2023

Jury Demand: None

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

## **Plaintiff**

**National Association for Gun Rights, Inc.**
*a nonprofit corporation*

represented by **David Warrington**
Dhillon Law Group, Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
703-574-1206
Fax: 703-574-1206
Email: dwarrington@dhillonlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Philip Meuser**
Dhillon Law Group
290 N. Hudson Avenue 411E
Pasadena, CA 91101
415-577-2850
Email: mmeuser@dhillonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Columbo**
Dhillon Law Group, Inc.
Political Law
177 Post Street
Suite 700
San Francisco, CA 94108
415-433-1700
Email: mcolumbo@dhillonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Schube**
Dhillon Law Group Inc.
17 Oakwood Ave
Mechanicsburg, PA 17705
936-524-8629
Email: cschube@dhillonlaw.com

Excerpts 621

*TERMINATED: 02/23/2023*
*PRO HAC VICE*

**Jeremiah Daniel Graham**
Dhillon Law Group, Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
619-633-5110
Email: jgraham@dhillonlaw.com
*ATTORNEY TO BE NOTICED*

**Harmeet Dhillon**
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
(415) 433-1700
Fax: (415) 520-6593
Email: harmeet@dhillonlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Sikes**                          represented by **David Warrington**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Philip Meuser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Columbo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Curtis Schube**
(See above for address)
*TERMINATED: 02/23/2023*
*PRO HAC VICE*

**Jeremiah Daniel Graham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harmeet Dhillon**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

Excerpts 622

**Howard Jarvis Taxpayers Association**
*a nonprofit corporation*

represented by **Timothy Arthur Bittle**
Howard Jarvis Taxpayers Foundation
1201 K Street
Suite 1030
Sacramento, CA 95814
916-444-9950
Email: tim@hjta.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Mark Coupal**
Howard Jarvis Taxpayrs Assn
921 11th St #1201
Sacramento, CA 95814
*ATTORNEY TO BE NOTICED*

**Laura E Dougherty**
Howard Jarvis Taxpayers Foundation
921 Eleventh Street
Suite 1201
Sacramento, CA 95814
(916) 444-9950
Email: tim@hjta.org
*ATTORNEY TO BE NOTICED*

<u>Consol Plaintiff</u>

**Silicon Valley Taxpayers Association, Inc.**
*a nonprofit corporation*

represented by **Timothy Arthur Bittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Consol Plaintiff</u>

**Silicon Valley Public Accountability Foundation**
*a nonprofit corporation*

represented by **Timothy Arthur Bittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Consol Plaintiff</u>

**James Barry**

represented by **Timothy Arthur Bittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Consol Plaintiff</u>

**George Arrington**

represented by **Timothy Arthur Bittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Mark Coupal**
(See above for address)
*ATTORNEY TO BE NOTICED*

Excerpts 623

**Laura E Dougherty**
(See above for address)
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**City Of San Jose**                    represented by **Joseph W. Cotchett**
*a public entity*                        Cotchett Pitre & McCarthy LLP
                                         840 Malcolm Road, Suite 200
                                         Burlingame, CA 94010
                                         (650) 697-6000
                                         Email: jcotchett@cpmlegal.com
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Melissa Montenegro**
                                         Shartsis Friese LLP
                                         One Maritime Plaza
                                         18th Floor
                                         San Francisco, CA 94111
                                         415-421-6500
                                         Fax: 415-421-2922
                                         Email: mmontenegro@sflaw.com
                                         *TERMINATED: 12/08/2022*
                                         *LEAD ATTORNEY*

                                         **Andrew F. Kirtley**
                                         Cotchett Pitre and McCarthy LLP
                                         840 Malcolm Road
                                         Burlingame, CA 94010
                                         650-697-6000
                                         Fax: 650-697-0577
                                         Email: akirtley@cpmlegal.com
                                         *ATTORNEY TO BE NOTICED*

                                         **Kaiyi Aureli Xie**
                                         Keker, Van Nest & Peters LLP
                                         633 Battery St.
                                         San Francisco, CA 94111
                                         415-391-5400
                                         Fax: 415-397-7188
                                         Email: kxie@keker.com
                                         *TERMINATED: 03/15/2022*

                                         **Tamarah P. Prevost**
                                         Cotchett Pitre McCarthy
                                         840 Malcolm Road
                                         Burlingame, CA 94010
                                         United Sta
                                         650-697-6000
                                         Email: tprevost@cpmlegal.com
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Jennifer Maguire**                                    represented by    **Joseph W. Cotchett**
*in her official capacity an City Manager of*                            (See above for address)
*the City of San Jose*                                                   *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Melissa Montenegro**
                                                                         (See above for address)
                                                                         *TERMINATED: 12/08/2022*
                                                                         *LEAD ATTORNEY*

                                                                         **Andrew F. Kirtley**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Kaiyi Aureli Xie**
                                                                         (See above for address)
                                                                         *TERMINATED: 03/15/2022*

                                                                         **Tamarah P. Prevost**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**City of San Jose City Council**                       represented by    **Joseph W. Cotchett**
                                                                         (See above for address)
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Melissa Montenegro**
                                                                         (See above for address)
                                                                         *TERMINATED: 12/08/2022*
                                                                         *LEAD ATTORNEY*

                                                                         **Andrew F. Kirtley**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Kaiyi Aureli Xie**
                                                                         (See above for address)
                                                                         *TERMINATED: 03/15/2022*

                                                                         **Tamarah P. Prevost**
                                                                         (See above for address)
                                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt. Brady**                                          represented by    **Gretchen Ann Hoff Varner**
*TERMINATED: 02/02/2023*                                                  Covington Burling LLP
                                                                         Salesfoce Tower
                                                                         415 Mission Street, Suite 5400
                                                                         San Francisco, CA 94105
                                                                         (415) 591-6000

Excerpts 625

Fax: (415) 591-6091
Email: ghoffvarner@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2022 | 1 | COMPLAINT (no process) against City Of San Jose, City of San Jose City Council, Jennifer Maguire ( Filing fee $ 402, receipt number ACANDC-16839765). Filed by National Association for Gun Rights, Inc., Mark Sikes. (Attachments: # 1 Exhibits A-E, # 2 Civil Cover Sheet)(Dhillon, Harmeet) (Filed on 1/25/2022) Modified on 1/26/2022 (cjl, COURT STAFF). (Entered: 01/25/2022) |
| 01/25/2022 | 2 | Certificate of Interested Entities by National Association for Gun Rights, Inc., Mark Sikes re 1 Complaint, (Dhillon, Harmeet) (Filed on 1/25/2022) (Entered: 01/25/2022) |
| 01/26/2022 | 3 | Case assigned to Magistrate Judge Virginia K. DeMarchi.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 2/9/2022. (anj, COURT STAFF) (Filed on 1/26/2022) (Entered: 01/26/2022) |
| 01/26/2022 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 4/19/2022. Initial Case Management Conference set for 4/26/2022 01:30 PM in San Jose, Courtroom 2, 5th Floor. (cjl, COURT STAFF) (Filed on 1/26/2022) (Entered: 01/26/2022)** |
| 01/28/2022 | 5 | Proposed Summons. (Dhillon, Harmeet) (Filed on 1/28/2022) (Entered: 01/28/2022) |
| 01/31/2022 | 6 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by National Association for Gun Rights, Inc., Mark Sikes.. (Dhillon, Harmeet) (Filed on 1/31/2022) (Entered: 01/31/2022) |
| 01/31/2022 | 7 | NOTICE of Appearance by Michael A Columbo (Columbo, Michael) (Filed on 1/31/2022) (Entered: 01/31/2022) |
| 01/31/2022 | 8 | Summons Issued as to City Of San Jose, City of San Jose City Council, Jennifer Maguire. (cjl, COURT STAFF) (Filed on 1/31/2022) (Entered: 01/31/2022) |
| 01/31/2022 | 9 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned. *This is a text only docket entry; there is no document associated with this notice.* (amk, COURT STAFF) (Filed on 1/31/2022) (Entered: 01/31/2022) |
| 02/01/2022 | 10 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Beth Labson Freeman** |

| | | |
|---|---|---|
| | | for all further proceedings. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Magistrate Judge Virginia K. DeMarchi remains as referral judge assigned to case. Reassignment Order signed by Clerk on 2/1/2022. (Attachments: # **1** Notice of Eligibility for Video Recording)(bw, COURT STAFF) (Filed on 2/1/2022) (Entered: 02/01/2022) |
| 02/02/2022 | 11 | **CLERK'S NOTICE RESETTING CASE MANAGEMENT CONFERENCE AFTER REASSIGNMENT.** <br>**Case Management Statement due by 4/21/2022. Initial Case Management Conference set for 4/28/2022 11:00 AM in San Jose, Courtroom 3, 5th Floor.** <br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* <br>**(tsh, COURT STAFF) (Filed on 2/2/2022) (Entered: 02/02/2022)** |
| 02/07/2022 | 12 | WAIVER OF SERVICE Returned Executed filed by Jennifer Maguire, City Of San Jose, City of San Jose City Council. Service waived by All Defendants. (Prevost, Tamarah) (Filed on 2/7/2022) (Entered: 02/07/2022) |
| 02/07/2022 | 13 | NOTICE of Appearance by Joseph W. Cotchett (Cotchett, Joseph) (Filed on 2/7/2022) (Entered: 02/07/2022) |
| 02/07/2022 | 14 | NOTICE of Appearance by Tamarah P. Prevost (Prevost, Tamarah) (Filed on 2/7/2022) (Entered: 02/07/2022) |
| 02/07/2022 | 15 | NOTICE of Appearance by Kaiyi Aureli Xie (Xie, Kaiyi) (Filed on 2/7/2022) (Entered: 02/07/2022) |
| 02/07/2022 | 16 | NOTICE of Appearance by Melissa Montenegro (Montenegro, Melissa) (Filed on 2/7/2022) (Entered: 02/07/2022) |
| 02/07/2022 | 17 | MOTION to Dismiss *for Lack of Subject Matter Jurisdiction* filed by City Of San Jose, City of San Jose City Council, Jennifer Maguire. Motion Hearing set for 6/2/2022 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman. Responses due by 2/22/2022. Replies due by 3/1/2022. (Attachments: # **1** Declaration of Toni Taber, San Jose City Clerk, # **2** Exhibit 1, # **3** Exhibit 2, # **4** Exhibit 3, # **5** Exhibit 4, # **6** Exhibit 5, # **7** Exhibit 6, # **8** Request for Judicial Notice, # **9** Declaration of Tamarah Prevost ISO Request for Judicial Notice, # **10** Exhibit 7, # **11** Proposed Order)(Prevost, Tamarah) (Filed on 2/7/2022) (Entered: 02/07/2022) |
| 02/11/2022 | 18 | MOTION to Shorten Time *Under Civil L.R. 6-3; Memorandum of Points and Authorities in Support* filed by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Attachments: # **1** Declaration of Tamarah P. Prevost in Support of Defendants' Motion to Shorten Time Under Civil L.R. 6-3, # **2** Proposed Order Granting Defendants' Motion to Shorten Time Under Civil L.R. 6-3)(Prevost, Tamarah) (Filed on 2/11/2022) (Entered: 02/11/2022) |
| 02/14/2022 | 19 | AMENDED COMPLAINT against City Of San Jose, City of San Jose City Council, Jennifer Maguire. Filed byNational Association for Gun Rights, Inc., Mark Sikes. (Dhillon, Harmeet) (Filed on 2/14/2022) (Entered: 02/14/2022) |
| 02/15/2022 | 20 | OPPOSITION/RESPONSE (re 18 MOTION to Shorten Time Under Civil L.R. 6-3; Memorandum of Points and Authorities in Support) filed by National Association for Gun Rights, Inc., Mark Sikes. (Dhillon, Harmeet) (Filed on 2/15/2022) Modified on 2/16/2022 (cjl, COURT STAFF). (Entered: 02/15/2022) |
| 02/16/2022 | 21 | **ORDER TERMINATING 17 MOTION TO DISMISS COMPLAINT AS MOOT; VACATING MOTION HEARING; AND TERMINATING 18 MOTION TO** |

Excerpts 627

| | | |
|---|---|---|
| | | **SHORTEN TIME AS MOOT. Signed by Judge Beth Labson Freeman on 2/16/2022. (blflc1, COURT STAFF) (Filed on 2/16/2022) (Entered: 02/16/2022)** |
| 03/01/2022 | 22 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC-16949384.) filed by National Association for Gun Rights, Inc., Mark Sikes. (Attachments: # 1 Certificate of Good Standing)(Schube, Curtis) (Filed on 3/1/2022) (Entered: 03/01/2022) |
| 03/04/2022 | 23 | **ORDER GRANTING 22 APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE (re attorney Curtis Michael Schube). Signed by Judge Beth Labson Freeman on 3/4/2022. (blflc1, COURT STAFF) (Filed on 3/4/2022) (Entered: 03/04/2022)** |
| 03/04/2022 | 24 | NOTICE of Appearance by Curtis Schube (Schube, Curtis) (Filed on 3/4/2022) (Entered: 03/04/2022) |
| 03/04/2022 | | Electronic filing error. Attorney Curtis Schube must update ECF profile with current contact information. [err102] Re: 24 Notice of Appearance filed by Mark Sikes, National Ass ociation for Gun Rights, Inc. (cjl, COURT STAFF) (Filed on 3/4/2022) (Entered: 03/04/2022) |
| 03/08/2022 | 25 | MOTION for Preliminary Injunction filed by National Association for Gun Rights, Inc., Mark Sikes. Motion Hearing set for 7/21/2022 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman. Responses due by 3/22/2022. Replies due by 3/29/2022. (Attachments: # 1 Declaration of David Warrington, # 2 Request for Judicial Notice, # 3 Exhibits A-J, # 4 [Proposed] Order)(Dhillon, Harmeet) (Filed on 3/8/2022) (Entered: 03/08/2022) |
| 03/14/2022 | 26 | Notice of Withdrawal of Attorney Kaiyi A. Xie by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Xie, Kaiyi) (Filed on 3/14/2022) Modified on 3/15/2022 (cjl, COURT STAFF). (Entered: 03/14/2022) |
| 03/22/2022 | 27 | NOTICE of Appearance by Andrew F Kirtley (Kirtley, Andrew) (Filed on 3/22/2022) (Entered: 03/22/2022) |
| 03/22/2022 | 28 | OPPOSITION/RESPONSE (re 25 MOTION for Preliminary Injunction ) filed byCity Of San Jose, City of San Jose City Council, Jennifer Maguire. (Attachments: # 1 Declaration of Tamarah Prevost, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8)(Prevost, Tamarah) (Filed on 3/22/2022) (Entered: 03/22/2022) |
| 03/23/2022 | 29 | DECLARATION of Tamarah Prevost in Opposition to 28 Opposition/Response to Motion, *for Preliminary Injunction* filed byCity Of San Jose, City of San Jose City Council, Jennifer Maguire. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 CORRECTION OF DOCKET # [28-3], # 3 Exhibit 3 CORRECTION OF DOCKET # [28-4], # 4 Exhibit 4 CORRECTION OF DOCKET # [28-5], # 5 Exhibit 5 CORRECTION OF DOCKET # [28-6], # 6 Exhibit 6 CORRECTION OF DOCKET # [28-7], # 7 Exhibit 7 CORRECTION OF DOCKET # [28-8], # 8 Exhibit 8, # 9 Exhibit 9)(Related document(s) 28 ) (Prevost, Tamarah) (Filed on 3/23/2022) (Entered: 03/23/2022) |
| 03/25/2022 | 30 | Unopposed MOTION to Shorten Time filed by National Association for Gun Rights, Inc., Mark Sikes. (Attachments: # 1 Declaration of Michael Columbo In Support of Unopposed Motion to Shorten Time)(Dhillon, Harmeet) (Filed on 3/25/2022) Modified on 3/25/2022 (cjl, COURT STAFF). (Entered: 03/25/2022) |
| 03/25/2022 | 31 | **ORDER DENYING 30 PLAINTIFFS' MOTION TO SHORTEN TIME. Signed by Judge Beth Labson Freeman on 3/25/2022. (blflc1, COURT STAFF) (Filed on 3/25/2022) (Entered: 03/25/2022)** |

Excerpts 628

| 03/29/2022 | 32 | REPLY (re 25 MOTION for Preliminary Injunction ) filed byNational Association for Gun Rights, Inc., Mark Sikes. (Dhillon, Harmeet) (Filed on 3/29/2022) (Entered: 03/29/2022) |
|---|---|---|
| 04/08/2022 | 33 | ADR Clerks Notice re: Non-Compliance with Court Order. The parties have failed to file an ADR Certification as required by the Initial Case Management Scheduling Order. Counsel shall comply promptly with the requirements of ADR L.R. 3-5(b) and shall file the ADR Certification. *(This is a text-only entry generated by the court. There is no document associated with this entry.)*(cmf, COURT STAFF) (Filed on 4/8/2022) (Entered: 04/08/2022) |
| 04/08/2022 | 34 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Prevost, Tamarah) (Filed on 4/8/2022) (Entered: 04/08/2022) |
| 04/08/2022 | 35 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Columbo, Michael) (Filed on 4/8/2022) (Entered: 04/08/2022) |
| 04/08/2022 | 36 | MOTION to Dismiss *Plaintiffs' First Amended Complaint* filed by City Of San Jose, City of San Jose City Council, Jennifer Maguire. Motion Hearing set for 8/4/2022 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman. Responses due by 4/22/2022. Replies due by 4/29/2022. (Attachments: # 1 Declaration of Tamarah P. Prevost, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Declaration of Sarah Zarate, # 17 Exhibit 1, # 18 Proposed Order)(Prevost, Tamarah) (Filed on 4/8/2022) (Entered: 04/08/2022) |
| 04/12/2022 | 37 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC-17077888.) filed by National Association for Gun Rights, Inc., Mark Sikes. (Attachments: # 1 Certificate of Good Standing)(Warrington, David) (Filed on 4/12/2022) (Entered: 04/12/2022) |
| 04/12/2022 | 38 | **ORDER GRANTING 37 APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE (as to attorney David A. Warrington). Signed by Judge Beth Labson Freeman on 4/12/2022. (blflc1, COURT STAFF) (Filed on 4/12/2022) (Entered: 04/12/2022)** |
| 04/13/2022 | 39 | NOTICE of Appearance by David Warrington (Warrington, David) (Filed on 4/13/2022) (Entered: 04/13/2022) |
| 04/14/2022 | | Electronic filing error. Attorney Warrington must update ECF Profile with current contact information. [err102] Re: 39 Notice of Appearance filed by Mark Sikes, National Association for Gun Rights, Inc. (cjl, COURT STAFF) (Filed on 4/14/2022) (Entered: 04/14/2022) |
| 04/19/2022 | 40 | MOTION to Relate Case filed by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Attachments: # 1 Declaration of Tamarah P. Prevost, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Proposed Order)(Prevost, Tamarah) (Filed on 4/19/2022) (Entered: 04/19/2022) |
| 04/20/2022 | 41 | **ORDER GRANTING 40 ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED. Signed by Judge Beth Labson Freeman on 4/20/2022. (blflc1, COURT STAFF) (Filed on 4/20/2022) (Entered: 04/20/2022)** |
| 04/20/2022 | 42 | **ORDER DIRECTING PLAINTIFF TO SUBMIT CHAMBERS COPIES. Signed by Judge Beth Labson Freeman on 4/20/2022. (blflc1, COURT STAFF) (Filed on 4/20/2022) (Entered: 04/20/2022)** |

Excerpts 629

| | | |
|---|---|---|
| 04/20/2022 | 43 | **ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED. Show Cause Response due by 5/4/2022. Signed by Judge Beth Labson Freeman on 4/20/2022. (blflc1, COURT STAFF) (Filed on 4/20/2022) (Entered: 04/20/2022)** |
| 04/21/2022 | 44 | JOINT CASE MANAGEMENT STATEMENT filed by National Association for Gun Rights, Inc., Mark Sikes, Jennifer Maguire, City of San Jose City Council and City of San Jose. (Attachments: # 1 Proposed Order)(Warrington, David) (Filed on 4/21/2022) Modified on 4/22/2022 (kkp, COURT STAFF). (Entered: 04/21/2022) |
| 04/22/2022 | 45 | **CLERK'S NOTICE CONVERTING CASE MANAGEMENT CONFERENCE TO ZOOM WEBINAR CONFERENCE and NOTICE OF REQUIRED REGISTRATION.**<br><br>Initial Case Management Conference set for 4/28/2022 11:00 AM before Judge Beth Labson Freeman will be held via a Zoom webinar.<br><br>Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/blf<br><br>**Court Appearances: Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at blfcrd@cand.uscourts.gov no later than April 26, 2022 at 2:00 PM PST.**<br><br>General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tsh, COURT STAFF) (Filed on 4/22/2022) (Entered: 04/22/2022) |
| 04/22/2022 | 46 | OPPOSITION/RESPONSE (re 36 MOTION to Dismiss *Plaintiffs' First Amended Complaint* ) filed byNational Association for Gun Rights, Inc., Mark Sikes. (Warrington, David) (Filed on 4/22/2022) (Entered: 04/22/2022) |
| 04/26/2022 | 47 | **SUA SPONTE Judicial Referral for Purpose of Determining Relationship of Case 5:22-cv-00501 BLF with 5:22-cv-02533 NC. Signed by Judge Nathanael M. Cousins on 4/26/2022.** (lmh, COURT STAFF) (Filed on 4/26/2022) (Entered: 04/26/2022) |
| 04/28/2022 | 48 | **Minute Entry for proceedings held before Judge Beth Labson Freeman: Initial Case Management Conference held on 4/28/2022.**<br>**Digital Recording Time: 11:13 - 11:25.**<br>**Plaintiff Attorney: Michael Columbo.**<br>**Defendant Attorney: Tamarah Prevost, Andrew Kirtley, Melissa Montenegro.**<br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)*** (tsh, COURT STAFF) (Date Filed: 4/28/2022) (Entered: 04/29/2022) |
| 04/29/2022 | 49 | **CASE MANAGEMENT ORDER: Last Day to Hear Dispositive Motions set for 10/5/2023 09:00 AM. Final Pretrial Conference set for 1/18/2024 01:30 PM. Jury Selection set for 3/1/2024, 3/4/2024 09:00 AM. Jury Trial set for 3/4/2024, 3/5/2024, 3/6/2024, 3/7/2024, 3/8/2024, 3/11/2024, 3/12/2024, 3/13/2024, 3/14/2024, 3/15/2024 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman.** |

Excerpts 630

| | | |
|---|---|---|
| | | Signed by Judge Beth Labson Freeman on 4/29/2022. **(tsh, COURT STAFF) (Filed on 4/29/2022) (Entered: 04/29/2022)** |
| 04/29/2022 | [50](#) | REPLY (re [36](#) MOTION to Dismiss *Plaintiffs' First Amended Complaint* ) filed byCity Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 4/29/2022) (Entered: 04/29/2022) |
| 05/03/2022 | [51](#) | **RELATED CASE ORDER (addressing [47](#) ). Signed by Judge Beth Labson Freeman on 5/3/2022. (blflc1, COURT STAFF) (Filed on 5/3/2022) (Entered: 05/03/2022)** |
| 05/03/2022 | [52](#) | **ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED. Show Cause Response due by 5/17/2022. Signed by Judge Beth Labson Freeman on 5/3/2022. (blflc1, COURT STAFF) (Filed on 5/3/2022) (Entered: 05/03/2022)** |
| 05/04/2022 | [53](#) | RESPONSE TO [43](#) ORDER TO SHOW CAUSE by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 5/4/2022) Modified on 5/5/2022 (cjl, COURT STAFF). (Entered: 05/04/2022) |
| 05/04/2022 | [54](#) | Response to [43](#) Order to Show Cause by National Association for Gun Rights, Inc., Mark Sikes. (Warrington, David) (Filed on 5/4/2022) Modified on 5/5/2022 (cjl, COURT STAFF). (Entered: 05/04/2022) |
| 05/17/2022 | [55](#) | RESPONSE TO ORDER TO SHOW CAUSE by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 5/17/2022) Modified on 5/18/2022 (kkp, COURT STAFF). (Entered: 05/17/2022) |
| 05/17/2022 | [56](#) | RESPONSE TO ORDER TO SHOW CAUSE by National Association for Gun Rights, Inc., Mark Sikes . (Warrington, David) (Filed on 5/17/2022) (Entered: 05/17/2022) |
| 05/20/2022 | [57](#) | STIPULATION WITH PROPOSED ORDER re [49](#) Case Management Scheduling Order, filed by National Association for Gun Rights, Inc., Mark Sikes, Jennifer Maguire, City of San Jose City Council and City of San Jose. (Attachments: # [1](#) Proposed Order) (Warrington, David) (Filed on 5/20/2022) Modified on 5/23/2022 (kkp, COURT STAFF). (Entered: 05/20/2022) |
| 05/20/2022 | [58](#) | **ORDER APPROVING [57](#) STIPULATED SCHEDULE. Signed by Judge Beth Labson Freeman on 5/20/2022. (blflc1, COURT STAFF) (Filed on 5/20/2022) (Entered: 05/20/2022)** |
| 06/07/2022 | [59](#) | Defendatns' Statement of Recent Decision (re [36](#) MOTION to Dismiss Plaintiffs' First Amended Complaint, [25](#) MOTION for Preliminary Injunction) by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Attachments: # [1](#) Exhibit 1)(Prevost, Tamarah) (Filed on 6/7/2022) Modified on 6/8/2022 (kkp, COURT STAFF). (Entered: 06/07/2022) |
| 06/14/2022 | [60](#) | **ORDER ADVANCING HEARING ON [25](#) PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION FROM JULY 21, 2022 AT 9:00 AM TO JULY 14, 2022 AT 9:00 AM. Motion Hearing set for 7/14/2022 09:00 AM in San Jose, Videoconference Only before Judge Beth Labson Freeman. Signed by Judge Beth Labson Freeman on 6/14/2022. (blflc1, COURT STAFF) (Filed on 6/14/2022) (Entered: 06/14/2022)** |
| 06/24/2022 | [61](#) | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7-3.d filed byNational Association for Gun Rights, Inc., Mark Sikes. (Related document(s) [36](#) , [25](#) ) (Dhillon, Harmeet) (Filed on 6/24/2022) (Entered: 06/24/2022) |
| 06/27/2022 | [62](#) | **ORDER REQUESTING SUPPLEMENTAL BRIEFING (addressing [61](#) ). Supplemental briefs due 7/8/2022. Signed by Judge Beth Labson Freeman on 6/27/2022. (blflc1, COURT STAFF) (Filed on 6/27/2022) (Entered: 06/27/2022)** |

| | | |
|---|---|---|
| 07/07/2022 | 63 | **CLERK'S NOTICE CONVERTING MOTION HEARING TO ZOOM WEBINAR HEARING and NOTICE OF REQUIRED REGISTRATION.**<br><br>Motion Hearing as to 25 MOTION for Preliminary Injunction set for 7/14/2022 09:00 AM before Judge Beth Labson Freeman will be held via a Zoom webinar.<br><br>Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/blf<br><br>**Court Appearances: Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at blfcrd@cand.uscourts.gov no later than 7/12/2022, at 2:00 PM PST.**<br><br>General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tsh, COURT STAFF) (Filed on 7/7/2022) (Entered: 07/07/2022) |
| 07/08/2022 | 64 | Defendants' Supplemental Brief re 62 Order filed by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Related document(s) 62 ) (Prevost, Tamarah) (Filed on 7/8/2022) Modified on 7/8/2022 (kkp, COURT STAFF). (Entered: 07/08/2022) |
| 07/08/2022 | 65 | Plaintiffs' Supplemental Brief re 62 Order filed by National Association for Gun Rights, Inc., Mark Sikes. (Related document(s) 62 ) (Warrington, David) (Filed on 7/8/2022) Modified on 7/8/2022 (kkp, COURT STAFF). (Entered: 07/08/2022) |
| 07/11/2022 | 66 | MOTION for Leave to File *Amicus Brief* filed by Brady. (Attachments: # 1 Exhibit Exhibit A, # 2 Proposed Order Proposed Order)(Hoff Varner, Gretchen) (Filed on 7/11/2022) (Entered: 07/11/2022) |
| 07/14/2022 | 67 | **Minute Entry for proceedings held before Judge Beth Labson Freeman: Motion Hearing held on 7/14/2022 re 25 MOTION for Preliminary Injunction filed by Mark Sikes, National Association for Gun Rights, Inc.**<br>**Total Time in Court: 1:14.**<br>**Court Reporter: Summer Fisher.**<br>**Plaintiff Attorney: Michael Columbo.**<br>**Defendant Attorney: Tamarah Prevost, Andrew Kirtley, Melissa Montenegro.**<br>***(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tsh, COURT STAFF) (Date Filed: 7/14/2022) (Entered: 07/14/2022)** |
| 07/15/2022 | 68 | OPPOSITION/RESPONSE (re 66 MOTION for Leave to File Amicus Brief) filed by National Association for Gun Rights, Inc., Mark Sikes. (Warrington, David) (Filed on 7/15/2022) Modified on 7/18/2022 (kkp, COURT STAFF). (Entered: 07/15/2022) |
| 07/18/2022 | 69 | **ORDER GRANTING 66 BRADY'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE AND TO FILE AN AMICUS BRIEF AND GRANTING PLAINTIFFS REQUEST FOR LEAVE TO RESPOND TO AMICUS BRIEF. Signed by Judge Beth Labson Freeman on 7/18/2022. (mdllc, COURT STAFF) (Filed on 7/18/2022) (Entered: 07/18/2022)** |

Excerpts 632

| 07/28/2022 | [70](#) | RESPONSE TO BRIEF OF BRADY AS AMICUS CURAIE by National Association for Gun Rights, Inc., Mark Sikes. (Warrington, David) (Filed on 7/28/2022) Modified on 7/29/2022 (kkp, COURT STAFF). (Entered: 07/28/2022) |
|---|---|---|
| 07/29/2022 | 71 | **CLERK'S NOTICE CONVERTING MOTION HEARING TO ZOOM WEBINAR HEARING and NOTICE OF REQUIRED REGISTRATION.** <br><br> Motion Hearing as to as to [36](#) MOTION to Dismiss *Plaintiffs' First Amended Complaint* set for 8/04/2022 09:00 AM before Judge Beth Labson Freeman will be held via a Zoom webinar. <br><br> Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/blf <br><br> **Court Appearances: Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at blfcrd@cand.uscourts.gov no later than 08/02/2022, at 12:00 PM PST.** <br><br> General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. <br><br> Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/ <br><br> *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tsh, COURT STAFF) (Filed on 7/29/2022) (Entered: 07/29/2022) |
| 08/03/2022 | [72](#) | **ORDER DENYING [25](#) MOTION FOR PRELIMINARY INJUNCTION. Signed by Judge Beth Labson Freeman on 8/3/2022. (mdllc, COURT STAFF) (Filed on 8/3/2022) (Entered: 08/03/2022)** |
| 08/04/2022 | 73 | **Minute Entry for proceedings held before Judge Beth Labson Freeman: Motion Hearing held on 8/4/2022 re [36](#) MOTION to Dismiss *Plaintiffs' First Amended Complaint* filed by City of San Jose City Council, City Of San Jose, Jennifer Maguire.** <br> **Total Time in Court: 46 Minutes.** <br> **Court Reporter: Summer Fisher.** <br> **Plaintiff Attorney: Michael Columbo.** <br> **Defendant Attorney: Tamarah Prevost, Andrew Kirtley, Melissa Montenegro.** <br> *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tsh, COURT STAFF) (Date Filed: 8/4/2022) (Entered: 08/04/2022) |
| 08/04/2022 | [74](#) | TRANSCRIPT ORDER for proceedings held on 08/04/2022 before Judge Beth Labson Freeman by City of San Jose, City of San Jose City Council, Jennifer Maguire, for Court Reporter Summer Fisher. (Prevost, Tamarah) (Filed on 8/4/2022) (Entered: 08/04/2022) |
| 08/05/2022 | [75](#) | TRANSCRIPT ORDER for proceedings held on 07/14/2022, 08/04/2022 before Judge Beth Labson Freeman by National Association for Gun Rights, Inc., Mark Sikes, for Court Reporter Summer Fisher. (Columbo, Michael) (Filed on 8/5/2022) (Entered: 08/05/2022) |
| 08/16/2022 | [76](#) | Transcript of Proceedings held on 08/04/2022, before Judge Beth Labson Freeman. Court Reporter/Transcriber Summer Fisher, telephone number summer_fisher@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be |

| | | |
|---|---|---|
| | | purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 74 Transcript Order ) Redaction Request due 9/6/2022. Redacted Transcript Deadline set for 9/16/2022. Release of Transcript Restriction set for 11/14/2022. (Related documents(s) 74 ) (Fisher, Summer) (Filed on 8/16/2022) (Entered: 08/16/2022) |
| 08/16/2022 | 77 | **\*\*\* DISREGARD, REFILED AT DOCKET ENTRY 78 \*\*\***<br><br>STATUS REPORT by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 8/16/2022) Modified on 8/17/2022 (kkp, COURT STAFF). (Entered: 08/16/2022) |
| 08/17/2022 | 78 | STATUS REPORT *CORRECTION OF DOCKET # 77* by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 8/17/2022) Modified on 8/17/2022 (kkp, COURT STAFF). (Entered: 08/17/2022) |
| 08/17/2022 | 79 | Transcript of Proceedings held on 07/14/2022, before Judge Beth Labson Freeman. Court Reporter/Transcriber Summer Fisher, telephone number summer_fisher@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 75 Transcript Order ) Redaction Request due 9/7/2022. Redacted Transcript Deadline set for 9/19/2022. Release of Transcript Restriction set for 11/15/2022. (Related documents(s) 75 ) (Fisher, Summer) (Filed on 8/17/2022) (Entered: 08/17/2022) |
| 09/30/2022 | 80 | **ORDER CONSOLIDATING RELATED CASES. Signed by Judge Beth Labson Freeman on 9/30/2022. (mdllc, COURT STAFF) (Filed on 9/30/2022) (Entered: 09/30/2022)** |
| 09/30/2022 | 81 | **ORDER GRANTING IN PART AND DENYING IN PART 36 MOTION TO DISMISS. Signed by Judge Beth Labson Freeman on 9/30/2022. (mdllc, COURT STAFF) (Filed on 9/30/2022) (Entered: 09/30/2022)** |
| 10/25/2022 | 82 | STATUS REPORT by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 10/25/2022) (Entered: 10/25/2022) |
| 12/07/2022 | 83 | NOTICE of Change of Address by Timothy Arthur Bittle (Bittle, Timothy) (Filed on 12/7/2022) (Entered: 12/07/2022) |
| 12/07/2022 | | Electronic filing error. **\*\*\*NOTICE TO COUNSEL:** Counsel must update personal ECF profile for change of contact information to be in effect. [err102] Re: 83 Notice of Change of Address filed by James Barry, Silicon Valley Taxpayers Association, Inc., Silicon Valley Public Accountability Foundation, Howard Jarvis Taxpayers Association, George Arrington. (kkp, COURT STAFF) (Filed on 12/7/2022) (Entered: 12/07/2022) |
| 12/08/2022 | 84 | NOTICE of Change In Counsel by Tamarah P. Prevost. (Prevost, Tamarah) (Filed on 12/8/2022) Modified on 12/8/2022 (kkp, COURT STAFF). (Entered: 12/08/2022) |
| 01/06/2023 | 85 | STATUS REPORT *ON IMPLEMENTATION OF THE GUN HARM REDUCTION ORDINANCE* by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 1/6/2023) (Entered: 01/06/2023) |

Excerpts 634

| | | |
|---|---|---|
| 01/10/2023 | [86](#) | MOTION to Remand filed by George Arrington, James Barry, Howard Jarvis Taxpayers Association, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc.. Motion Hearing set for 4/6/2023 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman. Responses due by 1/24/2023. Replies due by 1/31/2023. (Attachments: # [1](#) Declaration Declaration of Timothy Bittle in Support of Plaintiffs' Motion to Remand, # [2](#) Proposed Order [Proposed] Order Granting Motion and Remanding Case to State Court)(Bittle, Timothy) (Filed on 1/10/2023) (Entered: 01/10/2023) |
| 01/24/2023 | [87](#) | ***STRICKEN PER ORDER OF THE COURT AT DOCKET ENTRY [88](#) *** OPPOSITION/RESPONSE (re [86](#) MOTION to Remand ) filed byCity Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 1/24/2023) Modified on 1/25/2023 (cjl, COURT STAFF). (Entered: 01/24/2023) |
| 01/25/2023 | [88](#) | **ORDER STRIKING [87](#) DEFENDANTS' OPPOSITION TO THE HJTA PLAINTIFFS' MOTION TO REMAND. Signed by Judge Beth Labson Freeman on 1/25/2023. (blflc2, COURT STAFF) (Filed on 1/25/2023) (Entered: 01/25/2023)** |
| 01/26/2023 | [89](#) | CORRECTED OPPOSITION/RESPONSE (re [86](#) MOTION to Remand) filed by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 1/26/2023) Modified on 1/27/2023 (cjl, COURT STAFF). (Entered: 01/26/2023) |
| 01/27/2023 | [90](#) | ADMINISTRATIVE MOTION, SUPPORTING DECLARATION, AND [PROPOSED] ORDER TO EXTEND TIME FOR FILING AMENDED COMPLAINT filed by George Arrington, James Barry, Howard Jarvis Taxpayers Association, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc.. Responses due by 1/31/2023. (Bittle, Timothy) (Filed on 1/27/2023) Modified on 1/30/2023 (cjl, COURT STAFF). (Entered: 01/27/2023) |
| 01/31/2023 | [91](#) | OPPOSITION/RESPONSE (re [90](#) ADMINISTRATIVE MOTION AND [PROPOSED] ORDER TO EXTEND TIME FOR FILING AMENDED COMPLAINT ) filed byCity Of San Jose, City of San Jose City Council, Jennifer Maguire. (Attachments: # [1](#) Declaration of Tamarah P. Prevost In Support Of Defts Opp)(Prevost, Tamarah) (Filed on 1/31/2023) (Entered: 01/31/2023) |
| 02/01/2023 | [92](#) | **ORDER DENYING [90](#) ADMINISTRATIVE MOTION TO EXTEND TIME FOR FILING AMENDED COMPLAINT. Signed by Judge Beth Labson Freeman on 2/1/2023. (blflc2, COURT STAFF) (Filed on 2/1/2023) (Entered: 02/01/2023)** |
| 02/02/2023 | [93](#) | **ORDER DENYING [86](#) MOTION TO REMAND WITHOUT PREJUDICE. Signed by Judge Beth Labson Freeman on 2/2/2023. (blflc2, COURT STAFF) (Filed on 2/2/2023) (Entered: 02/02/2023)** |
| 02/02/2023 | [94](#) | CONSOLIDATED SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, INVALIDATION OF §§ 10.32.215 AND 10.32.230(B) OF CHAPTER 10.32 OF TITLE 10 OF THE SAN JOSE MUNICIPAL CODE, AND NOMINAL DAMAGES against City Of San Jose, City of San Jose City Council, Jennifer Maguire. Filed by Howard Jarvis Taxpayers Association, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc., Mark Sikes, James Barry, National Association for Gun Rights, Inc., George Arrington. (Attachments: # [1](#) Exhibit Exhibit A, # [2](#) Exhibit Exhibit B, # [3](#) Exhibit Exhibit C, # [4](#) Exhibit Exhibit D, # [5](#) Exhibit Exhibit E, # [6](#) Exhibit Exhibit F, # [7](#) Exhibit Exhibit G, # [8](#) Exhibit Exhibit H, # [9](#) Exhibit Exhibit I)(Warrington, David) (Filed on 2/2/2023) Modified on 2/3/2023 (cjl, COURT STAFF). (Entered: 02/02/2023) |
| 02/16/2023 | [95](#) | MOTION to Dismiss *Plaintiffs' Consolidated Second Amended Complaint Under Rules 12(b) and 12(b)(6)* filed by City Of San Jose, City of San Jose City Council, Jennifer |

| | | |
|---|---|---|
| | | Maguire. SEE DOCKET ENTRY 96 FOR CORRECTED PROPOSED ORDER. Motion Hearing set for 6/15/2023 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman. Responses due by 3/2/2023. Replies due by 3/9/2023. (Attachments: # 1 Declaration of Tamarah P. Prevost in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Second Amended Complaint, # 2 Proposed Order Granting Defendants' Motion to Dismiss Plaintiffs' Consolidated Second Amended Complaint Under Rules 12(b) and 12(b)(6))(Prevost, Tamarah) (Filed on 2/16/2023) Modified on 2/17/2023 (cjl, COURT STAFF). (Entered: 02/16/2023) |
| 02/17/2023 | 96 | CORRECTED [PROPOSED] ORDER GRANTING DEFENDANTS MOTION TO DISMISS PLAINTIFFS CONSOLIDATED SECOND AMENDED COMPLAINT UNDER FEDERAL RULES 12(b)(1) AND 12(b)(6) by City Of San Jose, City of San Jose City Council, Jennifer Maguire. (CORRECTION OF DOCKET # [95-2]) (Prevost, Tamarah) (Filed on 2/17/2023) Modified on 2/21/2023 (cjl, COURT STAFF). (Entered: 02/17/2023) |
| 02/23/2023 | 97 | NOTICE of Change In Counsel by Harmeet Dhillon (Dhillon, Harmeet) (Filed on 2/23/2023) (Entered: 02/23/2023) |
| 02/23/2023 | 98 | Amicus Curiae APPEARANCE entered by Gretchen Ann Hoff Varner on behalf of Brady. (Hoff Varner, Gretchen) (Filed on 2/23/2023) (Entered: 02/23/2023) |
| 02/23/2023 | 99 | BRADYS MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE AND TO FILE AN AMICUS BRIEF IN SUPPORT OF DEFENDANTS MOTION TO DISMISS PLAINTIFFS CONSOLIDATED SECOND AMENDED COMPLAINT filed by Brady. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(Hoff Varner, Gretchen) (Filed on 2/23/2023) Modified on 2/24/2023 (cjl, COURT STAFF). (Entered: 02/23/2023) |
| 02/28/2023 | 100 | STIPULATION WITH PROPOSED ORDER to extend time to respond to motion to dismiss, to vacate dates and to set a case management conference filed by National Association for Gun Rights, Inc., Mark Sikes, City of San Jose, Howard Jarvis Taxpayers Association. (Attachments: # 1 Proposed Order)(Graham, Jeremiah) (Filed on 2/28/2023) Modified on 3/1/2023 (cjl, COURT STAFF). (Entered: 02/28/2023) |
| 03/01/2023 | 101 | **ORDER GRANTING 100 STIPULATION RE MOTION TO DISMISS BRIEFING AND CASE MANAGEMENT SCHEDULING ORDER AS MODIFIED BY THE COURT. Signed by Judge Beth Labson Freeman on 3/1/2023. (blflc2, COURT STAFF) (Filed on 3/1/2023) (Entered: 03/01/2023)** |
| 03/02/2023 | | Set Deadlines and Hearing. Case Management Statement due by 8/10/2023. Further Case Management Conference set for 8/17/2023 11:00 AM in San Jose, Courtroom 1, 5th Floor. (tsh, COURT STAFF) (Filed on 3/2/2023) (Entered: 03/02/2023) |
| 03/16/2023 | 102 | OPPOSITION/RESPONSE (re 95 MOTION to Dismiss *Plaintiffs' Consolidated Second Amended Complaint Under Rules 12(b) and 12(b)(6)* : *HJTA's Opposition to City's Motion to Dismiss Plaintiffs' Complaint* filed by George Arrington, James Barry, Howard Jarvis Taxpayers Association, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc.. (Bittle, Timothy) (Filed on 3/16/2023) (Entered: 03/16/2023) |
| 03/16/2023 | 103 | OPPOSITION/RESPONSE (re 95 MOTION to Dismiss *Plaintiffs' Consolidated Second Amended Complaint Under Rules 12(b) and 12(b)(6)* ) filed by National Association for Gun Rights, Inc., Mark Sikes. (Dhillon, Harmeet) (Filed on 3/16/2023) (Entered: 03/16/2023) |
| 03/30/2023 | 104 | REPLY (re 95 MOTION to Dismiss *Plaintiffs' Consolidated Second Amended Complaint Under Rules 12(b) and 12(b)(6)* ) filed by City Of San Jose, City of San Jose City |

| | | |
|---|---|---|
| | | Council, Jennifer Maguire. (Prevost, Tamarah) (Filed on 3/30/2023) (Entered: 03/30/2023) |
| 04/14/2023 | [105](#) | STIPULATION WITH PROPOSED ORDER *to continue hearing on Defendant's Motion to Dismiss (ECF # 95)* filed by National Association for Gun Rights, Inc., Mark Sikes, City of San Jose and Howard Jarvis Taxpayer Association et al. (Attachments: # [1](#) Proposed Order)(Graham, Jeremiah) (Filed on 4/14/2023) Modified on 4/17/2023 (jrs, COURT STAFF). (Entered: 04/14/2023) |
| 04/17/2023 | [106](#) | **ORDER DENYING 105 REQUEST TO CONTINUE HEARING AND VACATING HEARING. Signed by Judge Beth Labson Freeman on 4/17/2023. (blflc2, COURT STAFF) (Filed on 4/17/2023) (Entered: 04/17/2023)** |
| 04/18/2023 | | Motion Hearing set for 6/15/2023 VACATED re [106](#) ORDER DENYING 105 REQUEST TO CONTINUE HEARING AND VACATING HEARING.. (tsh, COURT STAFF) (Filed on 4/18/2023) (Entered: 04/18/2023) |
| 07/13/2023 | [107](#) | **ORDER GRANTING 95 DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART. Signed by Judge Beth Labson Freeman on 7/13/2023. (blflc2, COURT STAFF) (Filed on 7/13/2023) (Entered: 07/13/2023)** |
| 07/27/2023 | [108](#) | NOTICE by National Association for Gun Rights, Inc. Howard Jarvis Taxpayers Association, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc., George Arrington, and James Barry (Columbo, Michael) (Filed on 7/27/2023) Modified on 7/28/2023 (bar, COURT STAFF). (Entered: 07/27/2023) |
| 07/28/2023 | [109](#) | **ORDER DISMISSING CASE. Signed by Judge Beth Labson Freeman on 7/28/2023. (blflc2, COURT STAFF) (Filed on 7/28/2023) (Entered: 07/28/2023)** |
| 08/11/2023 | [110](#) | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by National Association for Gun Rights, Inc.. (Appeal fee of $505 receipt number ACANDC-18540371 paid.) (Dhillon, Harmeet) (Filed on 8/11/2023) (Entered: 08/11/2023) |
| 08/14/2023 | [111](#) | USCA Case Number 23-16091 Ninth Circuit Court of Appeals for [110](#) Notice of Appeal to the Ninth Circuit filed by National Association for Gun Rights, Inc.. (bar, COURT STAFF) (Filed on 8/14/2023) (Entered: 08/15/2023) |
| 08/21/2023 | [112](#) | AMENDED NOTICE OF APPEAL by George Arrington, James Barry, Howard Jarvis Taxpayers Association, National Association for Gun Rights, Inc., Mark Sikes, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc. as to [109](#) Order . Appeal Record due by 9/20/2023. (Columbo, Michael) (Filed on 8/21/2023) (Entered: 08/21/2023) |
| 08/29/2023 | [113](#) | AMENDED NOTICE OF APPEAL by National Association for Gun Rights, Inc., Mark Sikes as to [109](#) Order *Dismissing Case*. Appeal Record due by 9/20/2023. (Graham, Jeremiah) (Filed on 8/29/2023) (Entered: 08/29/2023) |
| 09/14/2023 | [114](#) | Transcript Designation Form (Columbo, Michael) (Filed on 9/14/2023) (Entered: 09/14/2023) |
| 09/14/2023 | [115](#) | NOTICE by National Association for Gun Rights, Inc., Mark Sikes re [114](#) Transcript Designation Form *THAT NO ADDITIONAL TRANSCRIPTS WILL BE ORDERED* (Columbo, Michael) (Filed on 9/14/2023) (Entered: 09/14/2023) |
| 10/12/2023 | [116](#) | TRANSCRIPT ORDER for proceedings held on 07/14/2022 before Judge Beth Labson Freeman by City Of San Jose, City of San Jose City Council, Jennifer Maguire, for Court Reporter Summer Fisher. (Prevost, Tamarah) (Filed on 10/12/2023) (Entered: 10/12/2023) |

Excerpts 637

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/21/2023 12:14:23 | | | |
| **PACER Login:** | ████████ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:22-cv-00501-BLF |
| **Billable Pages:** | 16 | **Cost:** | 1.60 |

ADRMOP,CLOSED,CONSOL

# U.S. District Court
# California Northern District (San Jose)
# CIVIL DOCKET FOR CASE #: 5:22-cv-02365-BLF

Howard Jarvis Taxpayers Association et al v. City Of San Jose
Assigned to: Judge Beth Labson Freeman
Referred to: Magistrate Judge Virginia K. DeMarchi
Lead case: 5:22-cv-00501-BLF
Member case: (View Member Case)
Case in other court:  Santa Clara County Superior Court,
          22CV395596
Cause: 28:1441 Petition for Removal- Civil Rights Act

Date Filed: 04/15/2022
Date Terminated: 10/04/2022
Jury Demand: None
Nature of Suit: 950 Constitutional - State
Statute
Jurisdiction: Federal Question

## Plaintiff

**Howard Jarvis Taxpayers Association**

represented by **Jonathan Mark Coupal**
Howard Jarvis Taxpayrs Assn
921 11th St #1201
Sacramento, CA 95814
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura E Dougherty**
Howard Jarvis Taxpayers Foundation
921 Eleventh Street
Suite 1201
Sacramento, CA 95814
(916) 444-9950
Email: tim@hjta.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Arthur Bittle**
Howard Jarvis Taxpayers Association
921 Eleventh Street
Ste 1201
Sacramento, CA 95814
707-718-5626
Email: tim@hjta.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Plaintiff

**Silicon Valley Taxpayers Association, Inc.**

represented by **Timothy Arthur Bittle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Plaintiff

Excerpts 639

| | | |
|---|---|---|
| **Silicon Valley Public Accountability Foundation** | represented by | **Timothy Arthur Bittle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| **James Barry** | represented by | **Timothy Arthur Bittle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| **George Arrington** | represented by | **Jonathan Mark Coupal**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Laura E Dougherty**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Timothy Arthur Bittle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **City Of San Jose** | represented by | **Andrew F. Kirtley**<br>Cotchett Pitre and McCarthy LLP<br>840 Malcolm Road<br>Suite 200<br>Burlingame, CA 94010<br>650-697-6000<br>Fax: 650-697-0577<br>Email: akirtley@cpmlegal.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Joseph Winters Cotchett**<br>Cotchett Pitre and McCarthy LLP<br>San Francisco Airport Office Center<br>840 Malcolm Road Suite 200<br>Burlingame, CA 94010<br>650-697-6000<br>Fax: 650-697-0577<br>Email: jcotchett@cpmlegal.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Melissa Montenegro** |

Shartsis Friese LLP
One Maritime Plaza
18th Floor
San Francisco, CA 94111
415-421-6500
Fax: 415-421-2922
Email: mmontenegro@sflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tamarah P. Prevost**
Cotchett Pitre McCarthy
840 Malcolm Road
Burlingame, CA 94010
United Sta
650-697-6000
Email: tprevost@cpmlegal.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2022 | 1 | NOTICE OF REMOVAL from Santa Clara County Superior Court. Their case number is 22CV395596. (Filing fee $402 receipt number ACANDC-17091513). Filed byCity Of San Jose. (Attachments: # 1 Civil Cover Sheet, # 2 Certificate/Proof of Service)(Prevost, Tamarah) (Filed on 4/15/2022) (Entered: 04/15/2022) |
| 04/15/2022 | 2 | Case assigned to Magistrate Judge Nathanael M. Cousins.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 4/29/2022. (as, COURT STAFF) (Filed on 4/15/2022) (Entered: 04/15/2022) |
| 04/15/2022 | 3 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 7/13/2022. Initial Case Management Conference set for 7/20/2022 10:00 AM in San Jose, Courtroom 4, 5th Floor. (kmg, COURT STAFF) (Filed on 4/15/2022)**<br><br>**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**<br><br>**(Entered: 04/18/2022)** |
| 04/18/2022 | 4 | CLERK'S NOTICE RE: Consent or Declination. All parties are requested to file a consent or declination to proceed before a magistrate judge by 5/2/2022. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms.<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br>(lmh, COURT STAFF) (Filed on 4/18/2022) (Entered: 04/18/2022) |

Excerpts 641

| 04/20/2022 | 5 | **ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED. Signed by Judge Beth Labson Freeman on 4/20/2022. (blflc1, COURT STAFF) (Filed on 4/20/2022)** |
| | | *Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)* |
| | | **(Entered: 04/20/2022)** |
| 04/20/2022 | 6 | **ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED. Show Cause Response due by 5/4/2022. Signed by Judge Beth Labson Freeman on 4/20/2022. (blflc1, COURT STAFF) (Filed on 4/20/2022)** |
| | | *Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)* |
| | | **(Entered: 04/20/2022)** |
| 04/21/2022 | 7 | CERTIFICATE OF SERVICE by City Of San Jose (Prevost, Tamarah) (Filed on 4/21/2022) (Entered: 04/21/2022) |
| 04/21/2022 | 8 | CERTIFICATE OF SERVICE by City Of San Jose (Prevost, Tamarah) (Filed on 4/21/2022) (Entered: 04/21/2022) |
| 04/22/2022 | 9 | MOTION to Dismiss *Plaintiff's Complaint* filed by City Of San Jose. Motion Hearing set for 8/4/2022 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman. Responses due by 5/6/2022. Replies due by 5/13/2022. (Attachments: # 1 Declaration of Tamarah Prevost, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Declaration of Sarah Zarate, # 16 Exhibit 1, # 17 Proposed Order)(Prevost, Tamarah) (Filed on 4/22/2022) Modified on 4/25/2022 (mjj2, COURT STAFF). (Entered: 04/22/2022) |
| 04/25/2022 | 10 | **ORDER REASSIGNING CASE. Case reassigned to Judge Beth Labson Freeman for all further proceedings re Order Relating Cases. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Magistrate Judge Nathanael M. Cousins no longer assigned to case. Reassignment Order signed by Clerk on 4/25/2022. (Attachments: # 1 Notice of Eligibility for Video Recording)(bw, COURT STAFF) (Filed on 4/25/2022)** |
| | | *Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)* |
| | | **(Entered: 04/25/2022)** |
| 04/25/2022 | 11 | **CLERK'S NOTICE RESETTING MOTION HEARING. Motion Hearing as to 9 MOTION to Dismiss *Plaintiff's Complaint* reset for 8/18/2022 09:00 AM in San Jose, Courtroom 3, 5th Floor before Judge Beth Labson Freeman.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(tsh, COURT STAFF) (Filed on 4/25/2022)** |
| | | *Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)* |
| | | **(Entered: 04/25/2022)** |
| 04/27/2022 | 12 | CLERK'S NOTICE SETTING CASE MANAGEMENT CONFERENCE AFTER REASSIGNMENT. Case Management Statement due by 8/11/2022. Initial Case Management Conference set for 8/18/2022 11:00 AM in San Jose, Courtroom 3, 5th Floor. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tsh, COURT STAFF) (Filed on 4/27/2022) |

| | | Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF) (Entered: 04/27/2022) |
|---|---|---|
| 05/02/2022 | 13 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by City Of San Jose.. (Prevost, Tamarah) (Filed on 5/2/2022) (Entered: 05/02/2022) |
| 05/04/2022 | 14 | RESPONSE TO ORDER TO SHOW CAUSE by City Of San Jose . (Prevost, Tamarah) (Filed on 5/4/2022) (Entered: 05/04/2022) |
| 05/04/2022 | 15 | RESPONSE TO ORDER TO SHOW CAUSE by George Arrington, James Barry, Howard Jarvis Taxpayers Association, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc. . (Attachments: # 1 Certification of Interested Entities or Persons)(Bittle, Timothy) (Filed on 5/4/2022) (Entered: 05/04/2022) |
| 05/06/2022 | 16 | OPPOSITION/RESPONSE (re 9 MOTION to Dismiss *Plaintiff's Complaint* ) filed byGeorge Arrington, James Barry, Howard Jarvis Taxpayers Association, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc.. (Bittle, Timothy) (Filed on 5/6/2022) (Entered: 05/06/2022) |
| 05/13/2022 | 17 | REPLY (re 9 MOTION to Dismiss *Plaintiff's Complaint* ) filed byCity Of San Jose. (Prevost, Tamarah) (Filed on 5/13/2022) (Entered: 05/13/2022) |
| 06/03/2022 | 18 | NOTICE of Appearance by Melissa Montenegro (Montenegro, Melissa) (Filed on 6/3/2022) (Entered: 06/03/2022) |
| 07/28/2022 | 19 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Bittle, Timothy) (Filed on 7/28/2022) (Entered: 07/28/2022) |
| 07/28/2022 | 20 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Prevost, Tamarah) (Filed on 7/28/2022) (Entered: 07/28/2022) |
| 08/11/2022 | 21 | **CLERK'S NOTICE CONVERTING MOTION HEARING AND CASE MANAGEMENT CONFERENCE TO ZOOM WEBINAR HEARING and NOTICE OF REQUIRED REGISTRATION.**<br><br>Motion Hearing as to 9 MOTION to Dismiss *Plaintiff's Complaint* set for 8/18/2022 09:00 AM and Case Management Conference set for 8/18/2022 11:00 AM before Judge Beth Labson Freeman will be held via a Zoom webinar.<br><br>Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/blf<br><br>**Court Appearances: Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at blfcrd@cand.uscourts.gov no later than 8/16/2022, at 12:00 PM PST.**<br><br>General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/<br><br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tsh, COURT STAFF) (Filed on 8/11/2022) (Entered: 08/11/2022) |
| 08/11/2022 | 22 | JOINT CASE MANAGEMENT STATEMENT filed by City Of San Jose. (Prevost, Tamarah) (Filed on 8/11/2022) Modified on 8/12/2022 (kmg, COURT STAFF). (Entered: |

| | | |
|---|---|---|
| | | 08/11/2022) |
| 08/12/2022 | [23](#) | **ORDER VACATING AUGUST 18, 2022 CASE MANAGEMENT CONFERENCE.** Signed by Judge Beth Labson Freeman on 8/12/2022. (mdllc, COURT STAFF) (Filed on 8/12/2022) (Entered: 08/12/2022) |
| 08/16/2022 | | Case Management Conference VACATED re 23 ORDER VACATING AUGUST 18, 2022 CASE MANAGEMENT CONFERENCE. (tsh, COURT STAFF) (Filed on 8/16/2022) (Entered: 08/16/2022) |
| 08/16/2022 | [24](#) | **Erroneous Entry--Please Ignore--See Below for Corrected Document** STATUS REPORT by City of San Jose. (Prevost, Tamarah) (Filed on 8/16/2022) Modified on 8/17/2022 (msr, COURT STAFF). (Entered: 08/16/2022) |
| 08/17/2022 | [25](#) | STATUS REPORT *CORRECTION OF DOCKET #* 24 by City Of San Jose. (Prevost, Tamarah) (Filed on 8/17/2022) (Entered: 08/17/2022) |
| 08/19/2022 | [26](#) | TRANSCRIPT ORDER for proceedings held on 8/18/2022 before Judge Beth Labson Freeman by City Of San Jose, for Court Reporter Summer Fisher. (Prevost, Tamarah) (Filed on 8/19/2022) (Entered: 08/19/2022) |
| 08/22/2022 | 27 | **Minute Entry for proceedings held before Judge Beth Labson Freeman: Motion Hearing held on 8/18/2022.** **Total Time in Court: 9:52 - 10:45.** **Court Reporter: Summer Fisher.** **Plaintiff Attorney: Timothy Bittle.** **Defendant Attorney: Tamarah Prevost, Andrew Kirtley, Melissa Montenegro.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (tsh, COURT STAFF) (Date Filed: 8/22/2022) (Entered: 08/22/2022) |
| 09/07/2022 | [28](#) | Transcript of Proceedings held on 8/18/2022, before Judge Beth Labson Freeman. Court Reporter/Transcriber Summer Fisher, telephone number summer_fisher@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 26 Transcript Order ) Redaction Request due 9/28/2022. Redacted Transcript Deadline set for 10/11/2022. Release of Transcript Restriction set for 12/6/2022. (Related documents(s) 26 ) (Fisher, Summer) (Filed on 9/7/2022) (Entered: 09/07/2022) |
| 09/12/2022 | [29](#) | TRANSCRIPT ORDER for proceedings held on 08/18/22 before Judge Beth Labson Freeman by George Arrington, James Barry, Howard Jarvis Taxpayers Association, Silicon Valley Public Accountability Foundation, Silicon Valley Taxpayers Association, Inc., for Court Reporter Summer Fisher. (Bittle, Timothy) (Filed on 9/12/2022) (Entered: 09/12/2022) |
| 10/04/2022 | [30](#) | **ORDER CONSOLIDATING RELATED CASES. Signed by Judge Beth Labson Freeman on 9/30/2022.** (tsh, COURT STAFF) (Filed on 10/4/2022) (Entered: 10/05/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/22/2023 15:50:26 | | |
| **PACER Login:** | ▮▮▮▮ | **Client Code:** | |

12/22/23, 3:53 PM      CAND-ECF

| Description: | Docket Report | Search Criteria: | 5:22-cv-02365-BLF |
|---|---|---|---|
| Billable Pages: | 6 | Cost: | 0.60 |

Excerpts 645