**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

SEP 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD JARVIS TAXPAYERS ASSOCIATION; SILICON VALLEY TAXPAYERS ASSOCIATION; SILICON VALLEY PUBLIC ACCOUNTABILITY FOUNDATION; JAMES BARRY; GEORGE ARRINGTON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF SAN JOSE, a public entity; JENNIFER MAGUIRE, in her official capacity an City Manager of the City of San Jose; CITY OF SAN JOSE CITY COUNCIL, <br><br> Defendants-Appellees. | No. 23-16091 <br><br> D.C. No. 5:22-cv-00501-BLF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted September 10, 2024**
San Francisco, California

Before: WARDLAW, GOULD, and BUMATAY, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Howard Jarvis Taxpayer Association ("HJTA") appeals the district court's dismissal of HJTA's Second Amended Complaint ("SAC") challenging the "Reduction of Gun Harm – Liability Insurance Requirement and Gun Harm Reduction Fee" ("the Ordinance") enacted by defendant the City of San Jose ("the City") in February 2022. Because we lack jurisdiction, we dismiss this appeal.

The district court correctly dismissed the SAC because it lacked Article III jurisdiction over this action.[1] *See Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) ("[T]he Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional case or controversy, that the issues presented are definite and concrete, not hypothetical or abstract." (citation omitted)). Because HJTA brings a pre-enforcement action, it must establish that a credible threat of enforcement exists by articulating (1) a "concrete plan" to violate the law in question, (2) a specific warning or threat to initiate proceedings from the prosecuting authorities, and (3) a history of past prosecution or enforcement under the challenged statute. *McCormack v. Hiedeman*, 694 F.3d 1004, 1021 (9th Cir. 2012).

---

[1] Although the district court dismissed HJTA's First Amendment claim on prudential ripeness grounds and its unvoted tax claim for failure to state a claim, we may affirm "on any basis supported by the record even if the district court did not rely on that basis." *United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992) (citation omitted).

2

HJTA's SAC contains no allegations that the authorities in charge of enforcing the Ordinance "have communicated a specific warning or threat to initiate proceedings." *Id.* When the Ordinance goes into effect, HJTA's gun-owning members will be required to pay the Fee. But no real threat of injury currently exists, because the City has not set a precise collection date for the Fee; nor does HJTA allege any specific threat on the part of the City to collect the Fee at this time. *See Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) ("[C]laims that are based solely on harms stemming from events that have not yet occurred, and may never occur," do not constitute "injury that is concrete and particularized enough to survive the standing/ripeness inquiry." (quoting *Bova v. City of Medford*, 564 F.3d 1093, 1096–97 (9th Cir. 2009))).

Indeed, as of June 2022, the City had yet to even determine what the final Fee amount would be, instead setting a placeholder Fee of $25 per gun-owning household with the express assurance that the Fee would not yet be enforced. And the Ordinance provides that, before the Fee is finalized and enforced, the City Manager must designate "the nonprofit organization that will receive the Gun Harm Reduction Fee," determine "processes and procedures related to the payment of the fee," and implement "any additional guidelines or auditing the use of the monies from the fee." But as of January 2023, the City had yet to designate a nonprofit to receive the proceeds to be collected by the Fee. To date, it is unclear

3

whether the City has made any further progress towards designating a nonprofit. Considering the applicable factors, "we hold that any threat of enforcement or prosecution against [HJTA] in this case—though theoretically possible—is not reasonable or imminent." *Thomas*, 220 F.3d at 1141.

Finally, we note that both parties agree that the Ordinance has no history of enforcement, although history of enforcement generally has "little weight" when, as here, the challenged law is "relatively new and the record contains little information as to enforcement or interpretation." *Wolfson v. Brammer*, 616 F.3d 1045, 1060 (9th Cir. 2010). On balance, the facts as alleged support that HJTA "do[es] not at this time confront a realistic danger of sustaining a direct injury as a result of the [Ordinance's] operation or enforcement." *Thomas*, 220 F.3d at 1141 (citation omitted). The Ordinance has not been enforced, nor has a nonprofit been designated, thereby making it unclear whether HJTA's alleged First Amendment injury will materialize. The identity of the nonprofit, and HJTA's potential agreement or disagreement with the behavior of the designated nonprofit, is unknown. Because HJTA cannot allege an injury, or even a *threat* of injury at this time, the district court correctly dismissed the SAC with leave to amend the First Amendment claim once a nonprofit is designated.

Because HJTA lacked Article III standing to bring this suit, we vacate the district court's ruling on the state-tax challenge. *See Herman Fam. Revocable Tr.*

4

*v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

**AFFIRMED in part; VACATED in part.**